SPENCER CHASTAINE, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24480.)

Court of Claims, October 19, 1936.

*William J. Rapp,* for the claimant.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J. This is a motion to dismiss the claim upon the ground that it does not state facts sufficient to constitute a cause of action against the State of New York.

The claimant alleges that on April 20, 1936, he was ascending with his automobile in an elevator, located in a public garage at 235 River street, Troy, N. Y.; that when said elevator reached the sixth floor, it dropped to the bottom of the shaft, as a result of which he sustained personal injuries, for which he now seeks an award against the State.

Claimant's cause of action is based upon the failure of the State, its agents or employees, to properly inspect the elevator referred to, and upon the State's negligence in permitting the elevator to be used, and to remain in operation while in an unsafe, defective and improper condition, and to be used for the purpose other than that for which said elevator was designed.

The claim does not contain any allegation of the operation, management and control by the State of New York of the elevator or of the building in which said elevator was located.

The question to be determined upon this motion is, whether the facts alleged in the claim, which for the purpose of this motion are taken as admitted, made out a liability of the State in tort under section 12-a of the Court of Claims Act.

In my judgment, there is no liability upon the State because of the lack of proper inspection and supervision as alleged here, of a privately owned building and its equipment. No case is cited where heretofore any such responsibility has ever been asserted against the State. Any construction of the provisions of section 12-a of the Court of Claims Act predicating a liability upon the State because of failure to inspect or supervise as herein alleged, I believe goes far beyond the meaning of the statute. (*Paige* v. *State,* 269 N. Y. 352, 354.) Nor is there any moral obligation established. (*Ausable Chasm Co.* v. *State,* 266 N. Y. 326.)

Motion to dismiss the claim is herewith granted. Submit order.

BARRETT, P. J., concurs.