JOHANNA METILDI, Individually and as Limited Administratrix, etc., of THEODORE METILDI, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25883.)

Court of Claims, September 25, 1941.

*Christopher H. D'Amanda,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. The Attorney-General has formally moved to dismiss the above-entitled claim on the ground that it does not state facts sufficient to constitute a cause of action. In considering the motion the facts pleaded in the claim must be taken as true. They are, in substance, that on March 1, 1940, while claimant's intestate, Theodore Metildi, was engaged in performing his duties as an employee of the Meyo Construction Company, Inc., on the Soppe Block located on Main street in Canandaigua, N. Y., one of the walls of the building caved in, whereby he sustained injuries which caused his death. The building was owned or leased by the Geneva Theatres Corporation which had employed the Meyo Construction Company, Inc., to demolish parts of it.

Claimant, of course, had a remedy under the Workmen's Compensation Law but this remedy is exclusive only against the employer and if an employee entitled to compensation be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death his dependents, may proceed against such other subject to certain limitations of time, etc., which appear herein to have been met. (Workmen's Comp. Law, §§ 10, 11, 29.)

The question for us to decide is: Does claimant allege facts which constitute negligence or wrong on the part of the State of New York, its officers and employees? The general waiver of immunity of the State from liability and action for damages for a wrongful act, neglect or default is a broad one as is evidenced by so many recent decisions of the courts that it is unnecessary to give citations.

The act of negligence here charged is the failure of the State to properly inspect the building in question, in accordance with the labor laws. The claimant alleges that although an inspection was made by one of the agents, servants and employees of the State, it was improperly and negligently made and that the inspector failed to warn the workmen upon the premises, and more particularly claimant's intestate, of the dangerous condition existing thereon. It is further alleged that although the State had the right to prevent demolition of the building until those rules and regulations had been complied with by the contractor, intestate's employer, and by the owner of the property, it failed so to do; that the said State inspector failed to otherwise enforce the statutes pertaining to this particular job. There is a further general allegation that the State of New York, its agents and employees, had

knowledge or should have had knowledge of the dangerous condition and failed in its duty.

Claimant apparently bases her allegation of neglect of duty by the State's employees upon article 10 of the Labor Law which is entitled " Building Construction, Demolition and Repair Work," and particularly upon subdivision 4 of section 240, which reads as follows: " The Commissioner shall immediately inspect a scaffold or a mechanical device connected therewith concerning which complaint is made. He shall attach to every scaffold or mechanical device that he inspects a certificate stating that he has made the inspection and has found the same safe or unsafe, as the case may be. If unsafe, the Commissioner shall at once, in writing, notify the person responsible for the scaffold or mechanical device of the fact and shall prohibit use of it by him or by any other person until all danger is removed by alteration, reconstruction or replacement as the Commissioner may direct. Such notice may be served personally upon the person responsible or by affixing it conspicuously to the scaffold or mechanical device declared unsafe."

It is to be noted that the first sentence hereinabove quoted requires the Commissioner, meaning the State Industrial Commissioner, to immediately inspect a scaffold concerning which complaint is made. There is no allegation in the pleading that a complaint was made, but inasmuch as there is an allegation that an inspection was made, we deem the omission of no consequence for the purpose of this motion. If the Commissioner, or his representative, made the inspection on his own initiative and ascertained that the scaffold was unsafe and thereafter failed in any duty to the claimant's intestate in respect to it, the fact of complaint or lack of it would be immaterial.

Granting that claimant's allegations are true or can be established by a fair preponderance of the evidence, was the failure to inspect properly and the failure to warn of the danger and the failure to prevent demolition after inspection, actionable negligence? Can such omissions of duty be said to be the proximate cause of the accident to claimant's intestate?

No authorities in support of the affirmative of this proposition are presented to us. The Attorney-General cites two cases *contra.* The first of these is *Clinton* v. *Boehm* (139 App. Div. 73). But there the court was interpreting a contract of employment whereby architects were engaged " to superintend the construction and erection of " a building and said: " The very utmost obligation assumed by the plaintiffs under their alleged special contract of supervision was to see that the building was properly constructed, and, if that result was achieved they were not called upon to watch

and inspect every means adopted by the contractors in fulfilling their contract." The case is not sound authority for the granting of this motion.

The other case cited by the Attorney-General is a decision in this court from which no appeal was taken. (*Chastaine* v. *State of New York*, 160 Misc. 828.) In that case the claimant sustained personal injuries when an elevator located in a public garage in the city of Troy, in which he was ascending in his automobile, dropped to the bottom of the shaft. The allegations of negligence against the State were that its officers and employees permitted the elevator " to be used and to remain in operation while in an unsafe, improper and defective condition and to be used for a purpose other than that for which said elevator was designed. * * * that it is the duty of the State of New York to have inspected all elevators located in public places and those places open to the public or used for a public purpose, and to maintain and see that they are kept in a proper and safe working condition, otherwise to cause their use to be discontinued."

There was, however, in the *Chastaine* claim no allegation that an actual inspection had been made by the State's agents and the transcript of the argument before the court discloses no reference to any statute or regulation which placed upon the State or its officers the burden of inspecting the elevator or the building therein involved. There was only a general statement by counsel that it was the State's duty " to inspect elevators in establishments of this character."

In this instance our attention has been directed to the provisions of subdivision 4 of section 240 of the Labor Law, hereinabove quoted, which should be considered in conjunction with subdivision 3 of section 21 of the same statute, which reads: " The Commissioner * * * shall cause proper inspections to be made of all matters prescribed by this chapter or by the Industrial Code." The requirement of subdivision 4 of section 240 is direct and positive, viz.: " If unsafe, the Commissioner * * * shall prohibit use of it by him [the person responsible for the scaffold] or by any other person until all danger is removed by alteration, reconstruction or replacement as the Commissioner may direct."

It seems to us that by this language the Legislature has placed upon the Industrial Commissioner an obligation for the protection of workmen employed in building demolition. The Commissioner acts through his deputies and inspectors. These are the officers and employees of the State for whose acts, if negligently performed, the State has waived immunity from liability.

The general rule of liability is that " Where a statutory duty is imposed upon one for the direct benefit or protection of another and the latter is damaged because this duty is not performed a cause of action arises in his favor based upon the statute * * * but no one not included in the class so directly to be benefited may complain because the statute is not complied with." (*DiCaprio* v. *New York Central R. R. Co.*, 231 N. Y. 94, 97.)

Here the duty was to inspect and prohibit. Clearly it was intended for the protection of those workmen of whom claimant's intestate was one. If inspection was made, dangerous defect found and prohibition of use neglected, such sequence of events may have contributed proximately to the accident which resulted in Theodore Metildi's death.

We conclude that the pleading raises an issue of fact upon which claimant is entitled to offer her proof. Accordingly we deny the motion to dismiss the claim.