Alexander Del Gtorno, J.
This is a motion for an order dismissing the claim herein, pursuant to rule 106 of the Rules of Civil Practice, upon the ground that it appears on the face *297 thereof that the court has not jurisdiction of the subject of the action, and upon the further ground that the complaint does not state facts sufficient to constitute a cause of action.
Claimant seeks to recover damages for the death of her intestate, alleged to have been the result of an explosion in an underground tunnel on August 18, 1957.
The claim alleges that decedent was an employee of Herbert F. Darling Company, Williamsville, New York; that on the said date, while acting in the course of his employment, he entered into a water tunnel under Lake Ontario in the City of Oswego; that he sustained injuries resulting in his death as a result of an explosion of noxious and explosive gases in the tunnel; that the explosion occurred because the tunnel contained no system of air ventilation as required by the Labor Law of the State of New York; that the consequent dangerous condition existed for a long period of time prior to the said date and that the State had actual knowledge that such condition existed in violation of the Labor Law; that the explosion and death of decedent was caused by the negligence of the State in permitting decedent to enter the tunnel at such a time; that the State failed under the Labor Law to make necessary and proper inspections of the tunnel and failed to take the necessary steps to remedy the condition.
The claim does not allege any contractual relationship between the State and the deceased by way either of the work being performed by or for the State or the payment by the State for the performance of the work; nor does the claim contain any allegation to the effect that the State of New York, or its agents or employees performed any affirmative act which was related causally to the explosion.
Claimant in her brief contends that the State is charged in the claim with actual knowledge of a violation of the Labor Law relative to the ventilation of a tunnel that was being constructed under Lake Ontario in the City of Oswego;. further, that the State, with knowledge of the existing dangerous condition, permitted decedent to enter the tunnel and that the State failed to take any steps to remedy the condition or to prohibit entry into the tunnel. Claimant maintains that the State had not only the right but the duty to remedy the condition or to prohibit entry into the tunnel under section 21 (subd. 2) and sections 200, 417 and 437 of the Labor Law.
Subdivision 2 of section 21 of the Labor Law provides that the Commissioner “ [s]hall cause proper inspections to be made of all matters prescribed by this chapter or by the industrial code ”.
*298 Section 200 of the Labor Law provides: “ All places to which this chapter applies shall he so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein. The board shall make rules to carry into effect the provisions of this section.”
Section 417 of the Labor Law provides: ‘ ‘ An air current sufficient to remove smoke and noxious gases and to insure the safety of every employee shall be conducted along every passageway and working place.”
Section 437 of the Labor Law provides: “ The commissioner may serve a written notice upon the owner, agent, manager or lessee of a mine or tunnel requiring him to comply with a specific provision of this article. The commissioner shall begin an action in the supreme court to enforce compliance with such provision, and upon such notice as the court directs an order may be granted restraining the working of such mine or tunnel during such time as may be therein specified. ’ ’
Considering first the question as to whether the court has jurisdiction of the subject of the action, it becomes necessary to determine if the State has waived its sovereign immunity with respect to passive acts involving governmental function.
Section 8 of the Court of Claims Act provides: “ The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations ”.
In claims against the State, liability must be determined in accordance with the same rules of law which apply to actions in the Supreme Court. The question to be considered is whether the facts alleged would be sufficient to constitute a cause of action against an individual under the same duties as those imposed upon the State solely because of failure to prevent an accident caused by another. In an inspection case, such as the instant one, a private person, absent an express contract, cannot compel a third party to remedy a defect, even though he may inspect the property of a third party.
On the question of the liability of the State where the claimant was injured in an accident which could have been prevented by a proper inspection of the premises in question, a treatise by Herzog, entitled “ Liability of the State of New York for * Purely Governmental’ Functions ” (10 Syracuse L. Rev. 30) states:
‘ ‘ Usually the decision in these cases is predicated on the principle that there can be no liability for a mere failure to be an instrument for good, i.e., for a mere failure to prevent harm *299 caused by somebody else, unless a statute prescribes such, a duty. * * * A claimant injured as a consequence of a failure to inspect, or of a negligent inspection will as a rule be within the ambit of the risk created thereby. * * * When the courts say that a párticular statute providing for inspection by the state does not create a duty, they are actually saying no more than that for reasons of public policy the claimant should not recover in such a case. The same result could perhaps have been reached on a less circuitous route by simply stating that in the particular case there has been no waiver of sovereign immunity because the activity in question is too unlike any activity carried out by a private person or corporation to be the basis of state liability under the Court of Claims Act. This seems particularly true in inspection situations, because private persons or corporations, though they may at times inspect property belonging to third parties, certainly can have no legal power (apart, of course, from an express contract) to compel the third party to remedy a defective situation or to shut down the enterprise.
“ The most numerous cases in this area involve provisions of the Labor Law providing for the inspection of shops, construction sites, etc., by employees of the State Department of Labor. In these cases the state has usually not been found liable where an accident was not prevented as a result of improper inspection or of failure to take appropriate steps after a dangerous condition had been discovered. ’ ’
The case of Steitz v. City of Beacon (295 N. Y. 51) involved an action to recover damages for injuries suffered as a result of a fire which occurred in the City of Beacon. That city’s charter provided that the city may construct and operate a system of waterworks, and shall maintain a fire department. The city constructed a system of waterworks and mains to supply water for private and public use, including fire protection. As part of the system, a pressure and flow regulating valve was constructed on a water line and main near plaintiff’s property. It was alleged that fire broke out and that because of the negligence of the city in failing to maintain a fire department, plaintiff’s property was destroyed; failure of proper repair and regulation of the pressure and flow regulating valve, was alleged in addition. The court held (pp. 55-56): “There is no such liability known to the law unless a duty to the plaintiff to quench the fire or indemnify the loss has been assumed by agreement or imposed by statute. There was no agreement in this case to put out the fire or make good the loss, and so liability is predicated solely upon the above-quoted provisions of the city’s *300 charter defining its powers of government. Quite obviously these provisions were not in terms designed to protect the personal interest of any individual and clearly were designed to secure the benefits of well ordered municipal government enjoyed by all as members of the community. There was indeed a public duty to maintain a fire department, but that was all, and there was no suggestion that for any omission in keeping hydrants, valves or pipes in repair the people of the city could recover fire damage to their property. An intention to impose upon the city the crushing burden of such an obligation should not be imputed to the Legislature in the absence of language clearly designed to have that effect. '* * * Such enactments do not import intention to protect the interests of any individual except as they secure to all members of the community the enjoyment of rights and privileges to which they are entitled only as members of the public. Neglect in the performance of such requirements creates no civil liability to individuals (Restatement of Torts, § 288; Moch Co. v. Rensselaer Water Co., supra; Taylor v. Lake Shore & Mich. S. Ry., 45 Mich. 74; Frontier Steam Laundry Co. v. Connolly, 72 Neb. 767; cf. City of Rochester v. Campbell et al., 123 N. Y. 405, and Troeger v. Prudential Insurance Co. of America, 154 Misc. 537, which cites Restatement of Torts, § 288).”
In the case of Young v. State of New York (278 App. Div. 997, affd. 304 N. Y. 677) the claimant, a painter, sustained personal injuries when he fell from a bridge while in the employ of a subcontractor. The scaffold on which he was working was maintained by his employer in violation of certain requirements of the Labor Law, which violation caused or contributed to his fall. A prior violation had been noted and reported by an inspector acting on his own initiative. He reported this and issued a corrective order. There is no proof that the State or its employees knew of the different and subsequent violation which contributed to claimant’s fall. There was no proof that any complaint of the subsequent violation ever reached the Industrial Commissioner or the Department of Labor. In affirming a judgment of dismissal by the Court of Claims, the court held (278 App. Div. 997, supra): “Basically, the appellant’s contention for the State’s liability in tort is that its appropriate officers and agents were negligent in failing to so police or inspect and supervise the work of the sub-contractor as to have prevented the Labor Law violation which was a cause of accidental injury to claimant Young. Neither by statute nor principle of substantive law has so onerous and general a burden and responsibility been cast upon the State.”
*301 Other cases which enunciate the principle of law that the State cannot be held liable for mere passive failure to exercise a governmental function, in the absence of a statute prescribing a duty are Chikofsky v. State of New York (203 Misc. 646); Horoch v. State of New York (6 A D 2d 915) and Chastaine v. State of New York (160 Misc. 828). In the last-mentioned case, the court held that the Court of Claims Act does not authorize recovery for mere failure of the State to inspect, where the claim does not contain any allegation that the State operated, managed or controlled the premises.
After consideration of the sections of the Labor Law (supra) upon which claimant relies, the court does not believe that there is contained therein a mandate or directive sufficient, under the circumstances herein, to cast upon the State a duty or obligation toward the deceased. Claimant in this regard relies upon the case of Metildi v. State of New York (177 Misc. 179). There the complaint alleged that claimant’s intestate, an employee of a construction company, was performing his duties when one of the walls of the building caved in, causing him to sustain injuries resulting in his death. The act of negligence charged was failure by the State properly to inspect the building in question, in accordance with the labor laws. An inspection had been made but claimant alleged that it was improperly and negligently made and that the inspector failed to warn claimant’s intestate of the danger. Claimant alleged further that although the State could have prevented demolition of the building, it failed to do so. The statute under consideration was article 10 of the Labor Law, entitled: “ Building Construction, Demolition and Bepair Work ”, and particularly subdivision 4 of section 240, which read as follows: ‘ ‘ The Commissioner shall immediately inspect a scaffold or a mechanical device connected therewith concerning which complaint is made. He shall attach to every scaffold or mechanical device that he inspects a certificate stating that he has made the inspection and has found the same safe or unsafe, as the case may be. If unsafe, the Commissioner shall at once, in writing, notify the person responsible for the scaffold or mechanical device of the fact and shall prohibit use of it by bim or by any other person until all danger is removed by alteration, reconstruction or replacement as the Commissioner may direct. Such notice may be served personally upon the person responsible or by affixing it conspicuously to the scaffold or mechanical device declared unsafe.”
In denying the motion to dismiss the claim on the ground that the claim did not state facts sufficient to constitute a cause of action, the court held (pp. 182-183): “It seems to us that by *302 this language the Legislature has placed upon the Industrial Commissioner an obligation for the protection of workmen employed in building demolition. The Commissioner acts through his deputies and inspectors. These are the officers and employees of the State for whose acts, if negligently performed, the State has waived immunity from liability. * * * Here the duty was to inspect and prohibit. Clearly it was intended for the protection of those workmen of whom claimant’s intestate was one. If inspection was made, dangerous defect found and prohibition of use neglected, such sequence of events may have contributed proximately to the accident which resulted in Theodore Metildi’s death.”
The court holds that the Metildi case {supra) is distinguishable from the case at bar and not controlling and that the statute construed in the former is by its language different from the statutes involved in the instant case.
Accordingly, the motion to dismiss the claim is granted. Claimant will be permitted, however, if she be so advised, to file an amended claim herein within 30 days from the service of a copy of the order to be entered herein with notice of entry.
Settle order on notice.