Bernard Ryan, P. J.
This is a motion for permission to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. Before considering the questions of reasonable excuse, foreknowledge of the State or its appropriate department of the essential facts, and absence of substantial prejudice caused by failure to file within the time limited, let us first examine the proposed pleading to determine if it states a cause of action.
It recites that claimant is over the age of 50 years and for about 35 years last past he has been an asbestos worker; that for about six months prior to January 1, 1958 he was employed by a construction company which had a contract for the asbestos work on a building being constructed by the Statler Foundation at Cornell University; that said partially constructed building was not adequately equipped with ventilating devices as required by the Labor Law and that the premises where he worked were not inspected at any time during his employment by inspectors of the State Labor Department; that the working premises were unsafe and hazardous to claimant’s employment and that the State failed and neglected to inspect them and failed to require claimant’s employer or the Statler Foundation or the State itself to install and maintain proper and necessary ventilating equipment. Claimant alleges that by reason of the State’s negligence and its violation of imposed statutory duty he has been permanently disabled by having contracted pulmonary asbestosis.
Supplementing the references to the Statler Foundation, Cornell University and the State itself is an allegation, upon information and belief, that upon completion and acceptance by the State of New York the said building would be in the nature of a gift from the Statler Foundation to the State of New York and/or Cornell University. However, these allegations do not warrant an interpretation that the State was a party to the contract for the construction of the building and, therefore, do not state a cause of action against the State based upon its failure as owner of the site or that of its independent contractor to provide claimant with a safe place to work. (Janice v. State of New York, 201 Misc. 915 [1951].)
With respect to inspection of the building during construction, although it is not specifically pleaded claimant apparently relies upon the Industrial Code, Protection of Persons Employed in the Erection, Bepair and Demolition of Buildings or Structures, *236 rule No. 23-3.14 entitled Control of dusts and gases. But claimant pleads merely a failure to inspect. That is insufficient. (Young v. State of New York, 278 App. Div. 997 [1951], affd. 304 N. Y. 677.) It has been held that an allegation of failure to act after inspection, if violation was discovered, may state a cause of action, raise an issue of fact and entitled a claimant to offer his proofs. (Metildi v. State of New York, 177 Misc. 179.) The two situations are clearly distinguishable. (Heiston v. State of New York, 18 Misc 2d 296 [1959].)
Although claimant failed to plead, in his proposed claim, the fact of inspection, the Attorney-General, responding to the claimant’s application for permission to file and although opposing the motion, has obligingly supplied claimant with the information that an inspection of the site of construction of Staffer Hall was made; has, moreover, supplied the dates of such inspection and the name of the inspector. This he has done by affidavit verified upon information and belief “based upon records of inspection duly made and kept by the Department of Labor.”
While it is true that the affidavit further avers, likewise upon information and belief, that the inspector found no violation and that any asbestos dust which may have been present was found by the inspector to have been controlled nevertheless the door has been opened to permit such allegations to be controverted by the claimant. In this situation justice demands that if we deny this motion upon the technicality that claimant’s proposed pleading is faulty we would do so only without prejudice to the claimant moving anew with an amended pleading. This would involve delay and an unnecessary consumption of time and manpower— the court’s, claimant’s counsel’s and the Attorney-General’s.
The affidavit filed by the Attorney-General likewise solves two other problems. It discloses that the State of New York and its appropriate department had actual knowledge of the essential facts constituting the claim and has not been prejudiced by the delay. It did not, perhaps, know that the claimant had been injured but by its inspection it became aware of the conditions of the place of his employment which is the essential basis of his alleged cause of action.
There is one remaining condition. Is claimant’s excuse reasonable? We find it to be so. His first acute illness, pneumonia, occurred in November, 1957 and he was hospitalized for 13 days. It may be inferred from his affidavit that he then returned to work until February, 1958 when upon advice of his physician he went to Arizona for a month. The first diagnosis of pul *237 monary asbestosis was made March 3, 1958 which was within 90 days of the termination of his employment. However, the diagnosis was not confirmed by consultants until July 25, 1958. Under all the circumstances we believe claimant has been reasonably diligent.
The motion is granted. Permission to amend the pleading is granted. The claim, duly verified, shall be filed and served within 30 days. Submit order.