■ Lorraine Smullen, as Administratrix of the Estate of Anthony J. Accetta, Deceased, Respondent, v. City of New York, Appellant, et al., Defendant. (And Two Other Titles.) — In an action to recover damages for wrongful death and conscious pain and suffering, the appeal is from so much of a judgment of the Supreme Court, Kings County, entered March 6, 1969, as is in favor of plaintiff against defendant City of New York, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, without costs, and complaint dismissed as against defendant City of New York. The findings of fact implicit in the verdict are affirmed. The decedent was killed as the result of the collapse of a trench in which he was working. He was the employee of a subcontractor. A city inspector was at the scene at the time of the accident. Taking that testimony in the case most favorable to plaintiff and the reasonable inferences which can be drawn therefrom, it appears that the inspector's job included the inspection of the trench to determine whether shoring was necessary in order to meet safety requirements. Although shoring material was at hand on the job site, the inspector told the decedent before he entered the trench, "It is pretty solid there" and "I don't think it needs to be shored." Evidence was introduced to the effect that the accident was the result of the failure to properly shore and brace the trench. The trench was of such a depth that shoring was required under the pertinent rules of the Board of Standards and Appeals of the State of New York. No appeal has been taken from that portion of the judgment which is in favor of the general contractor. We are here concerned only with the city's liability. This is not a case in which the city may be held liable for its failure to make a proper inspection (cf. *Runkel* v. *City of New York*, 282 App. Div. 173). Liability in such cases only arises in those limited instances in which the city's disregard of a statute results in damage to one of the class for whose special benefit the statute was directed (see *Motyka* v. *City of Amsterdam*, 15 N Y 2d 134; *Young* v. *State of New York*, 278 App. Div. 997, affd. 304 N. Y. 677; *Stranger* v. *New York State Elec. & Gas Corp.*, 25 A D 2d 169; *Infosino* v. *City of New York*, 25 A D 2d 841). In this case the city did not violate any mandatory duty imposed upon it by statute or regulation other than its general duty of inspection. It therefore cannot be held that the decedent was

one of a class for whose special benefit a statute had been adopted. We are of the opinion that this case cannot be brought within the ambit of *Broderick* v. *Cauldwell-Wingate Co.* (301 N. Y. 182). In that case an employee of a subcontractor was given assurances of safety by the general contractor's general foreman and was told to continue working. The general contractor's liability in that case was predicated upon the apparent authority of its agent to reassert direction and control over the work. In this case the inspector's authority, at best, was limited to his power to order the work stopped. He did not possess either the actual or apparent authority to assume direction or control of the work. Under these circumstances there is no basis for an imposition of liability upon the city. Munder, Acting P. J., Latham and Benjamin, JJ., concur; Martuscello and Kleinfeld, JJ., dissent and vote to affirm the judgment insofar as appealed from.