JOHNSON, APPELLANT, *v.* STATE OF
OHIO, OHIO DEPARTMENT OF LIQUOR
CONTROL, APPELLEE.

(No. 85AP-41—Decided May 21, 1985.)

*Harshman & Waldman* and *Martin
S. Hume,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Karl W. Schedler,* for ap-
pellee.

STERN, J. This is an appeal from the
Court of Claims of Ohio wherein plain-
tiff claims that defendant's inspection of
Annichenni's Red Rooster Lounge in
connection with the transfer of a liquor
permit should have discovered a defect
in the walkway behind the lounge; plain-
tiff alleges he was injured while travers-
ing on the walkway. Plaintiff alleges
that the defendant was negligent in not
requiring the owner of the premises to
remedy the premises in accordance with
the building code prior to the transfer of
the liquor permit. The Court of Claims
judge found that plaintiff may not main-
tain an action against the defendant
based upon the defendant's failure to en-
force a duty which is owed to the general
public, as opposed to a particular in-
dividual or an identifiable group. In sup-

port of the court's finding, the trial
judge cited this court's holding in
*Shelton* v. *Indus. Comm.* (1976), 51 Ohio
App. 2d 125 [5 O.O.3d 286], that the
state is not liable for the negligent
failure of a state agency to inspect
places of business and to enforce safety
standards.

The defendant properly points out in
its brief that the authority of the Ohio
Department of Liquor Control to inspect
premises of a prospective liquor permit
location is limited to the provisions of
Ohio Adm. Code 4301:1-1-12 *et seq.,*
which authorize defendant to determine
if the premises are in conformance with
sanitary regulations as well as regula-
tions peculiar to the sale of alcoholic
beverages.

R.C. 2743.02(A) provides for a full
and complete waiver of immunity by the
state from suit, except to the extent that
the state has previously consented to be
sued. The Court of Claims Act consents
to the state being sued for claims which
otherwise would be barred by the doc-
trine of sovereign immunity.

Plaintiff attempts to raise an issue
of whether the state has liability to a
person injured by the actions of another
person who has failed to keep the
premises in repair. Plaintiff's suit fails
to show a duty owed by defendant, the
breach of which could be a predicate of
liability under the facts alleged in the
complaint.

Plaintiff having failed to state a
cause of action in his complaint filed
with the Court of Claims, this appeal is
dismissed and the judgment of the Court
of Claims is affirmed. Costs to plaintiff.

*Judgment accordingly.*

REILLY, P.J., and WHITESIDE, J.,
concur.

STERN, J., retired Justice of the
Supreme Court of Ohio, assigned to ac-
tive duty under authority of Section
6(C), Article IV, Ohio Constitution.