THEODORE YOUNG et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 28929.) — Appeal from a decision and judgment of the Court of Claims which dismissed the claims of claimants-appellants after a trial thereof. Claimant, Theodore Young, while in the course of his employment in painting a bridge, under reconstruction by the City of Schenectady, fell therefrom and sustained personal injuries. He was in the employ of a painting subcontractor of the general contractor which had undertaken the reconstruction of the bridge for the city. When said claimant fell to his injury he was at work on a scaffolding maintained by his employer in violation of certain requirements of the Labor Law and rules promulgated in the Industrial Code, and such caused or contributed to his fall. Several days prior thereto an inspector of the Department of Labor, upon his own initiative, visited the work site and observed a violation of the Labor Law by the general contractor with respect to its removal of the planking on the floorway of the bridge. This he duly reported and issued an order for a required correction. There is no proof that the State or any of its officers or employees knew of the different and subsequent violation of the Labor Law by the painting subcontractor, and which may be said to have later contributed to said claimant's fall. There is no evidence that any complaint of that violation ever reached the Industrial Commissioner or the Department of Labor. (Labor Law, § 240, subd. 4.) Basically, the appellant's contention for the State's liability in tort is that its appropriate officers and agents were negligent in failing to so police or inspect and supervise the work of the subcontractor as to have prevented the Labor Law violation which was a cause of accidental injury to claimant Young. Neither by statute nor principle of substantive law has so onerous and general a burden and responsibility been cast upon the State. The record is barren of any evidence to support a finding of actionable wrong on the part of any of its officers or employees under the provisions of the statute (Court of Claims Act, §§ 8, 9, subd. 2). Decision and judgment affirmed, without costs. Brewster, Deyo and Coon, JJ., concur; Heffernan, J. P., and Bergan, J., dissent.