DEVOE ET AL., APPELLANTS, *v.* THE STATE OF OHIO, APPELLEE.

(No. 75AP-296—Decided December 29, 1975.)

*Messrs. Carlile, Patchen, Murphy & Allison* and *Mr. Robert C. Perrin,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. John R. Gall, Mr. William G. Compton, Mr. David J. Sherriff, Mr. Richard C. Brahm,* and *Mr. Nelson E. Genshaft,* for appellee.

WHITESIDE, J. Plaintiffs appeal from a judgment of the Court of Claims dismissing their complaint upon the motion of the state, and raise two assignments of error, as follows:

1. "The Court of Claims erred in dismissing plaintiffs' complaint for lack of subject matter jurisdiction because Article I, Section 16, Ohio Constitution, abolished the state's governmental immunity and Section 2742.03(a), Ohio Revised Code, waived the state's sovereign immunity."

2. "The Court of Claims erred in dismissing plaintiffs' complaint for failure to state a claim upon which relief could be granted for said complaint stated a claim against the state in accordance with the same rules of law applicable to suits between private parties."

Plaintiffs brought this action as a class action of an alleged class consisting of all holders of the beneficial trust units of Ohio Real Estate Investment Company, all holders of the beneficial trust units of Ohio Real Estate Equities Company, and all holders of perferred stock of U. S. Capital Corporation, excepting from the class all persons who served as officers, directors, or trustees of such trusts and corporations, and any parent, subsidiary, or affiliate of the corporation. The complaint is quite lengthy, consisting of some 150 pages of allegations. In their brief herein, plaintiffs have summarized the basic allegations of the complaint, as follows:

"1. The business of OREIC, OREEC and USC was conducted fraudulently and in violation of the Statutes of the Ohio Securities laws and the Department of Commerce received numerous complaints of violations by said businesses of the Ohio Securities laws and actually knew said businesses were conducting their businesses fraudulently and thus said state was required to take action to stop and remedy said fraud, but failed to act, all to the damage of plaintiffs.

"2. The State of Ohio, while not an insurer or guarantor of securities registered with it, has no authority to qualify any issue of securities under Section 1707.09, Ohio Revised Code, when it has knowledge that: the business of the issuer is fraudulently conducted; a proposed offer or disposal of a security is on grossly unfair terms or; the plan of issance (sic) or sale of a security would defraud or deceive purchasers and the qualification of said security under such circumstances would constitute a misrepresentation to the public, including plaintiffs.

"3. The state violated not only Ohio Revised Code, Chapter 1707 (Ohio Securities Law), but also violated the Federal Securities Act of 1933, Section 17(a), and the Securities and Exchange Act, Section 10(b), and Rule 10(b)-5.

"4. The State of Ohio and various persons holding positions of authority and trust for the State of Ohio actively and knowingly assisted, aided and abetted others

in defrauding plaintiffs and causing said losses to plaintiffs and perpetuated acts of common law fraud against plaintiffs, all to the detriment of plaintiffs."

The first assignment of error is not well taken. Any error on the part of the Court of Claims in dismissing the complaint for a lack of jurisdiction over the subject matter would not be prejudicial if the complaint fails to state a claim upon which relief could be granted against the state. Conversely, if the complaint states a claim upon which relief could be granted against the state, the Court of Claims has subject matter jurisdiction thereof, there being no basis for the consent of the state to be sued, other than R. C. 2743.02(A).

The state has waived its immunity from liability and consented to be sued in the Court of Claims by R. C. 2743.02 (A). Accordingly, if the complaint states a claim for relief against the state, the action may be brought in the Court of Claims, pursuant to R. C. 2743.03(A), which has exclusive original jurisdiction of any civil action against the state permitted by the waiver of immunity of R. C. 2743.02.

The second assignment of error raises the basic issue in this case; namely, whether the complaint states a claim for relief against the state. The Court of Claims, by a well-reasoned opinion, concluded that the complaint does not. We agree.

R. C. 2743.02(A) creates no new claim for relief or cause of action against the state but, rather, merely permits actions to be brought against the state otherwise barred by the doctrine of sovereign immunity, for liability of the state in accordance with the same rules of law applicable to suits between private persons. Thus, for the waiver of immunity to apply, there must be a claim for relief against the state of a nature that could have been brought against the state in the past were it not for the doctrine of sovereign immunity.

Plaintiffs contend that they may maintain an action against the state because the agents of the state, with knowledge that the business of the issuer of securities was

fraudulently conducted, registered and qualified certain securities contrary to the provisions of R. C. 1707.09(K), which provides, in pertinent part:

"The division may, at any time, as a prerequisite to qualification, make an examination of the issuer of securities sought to be qualified. The applicant for qualification of any securities may be required by the division to advance sufficient funds to pay all or any part of the actual expenses of such examination, an itemized statement of which shall be furnished the applicant. If the division finds that the business of the issuer is not fraudulently conducted, that the proposed offer or disposal of securities is not on grossly unfair terms, that the plan of issuance and sale of the securities referred to in the proposed offer or disposal would not defraud or deceive, or tend to defraud or deceive, purchasers, and that division (J) of this section applies and has been complied with, then the division shall notify the applicant of its findings; and upon payment of a registration fee of one twentieth of one per cent of the aggregate price at which such securities are to be sold to the public in this state, which fee, however, shall in no case be less than twenty-five or more than five hundred dollars, the division shall register the qualification of such securities."

R. C. 1707.09 does require that all securities, with certain enumerated exceptions, be qualified in the manner provided by that section before being sold in this state. Applications for such qualification must be made to the division of securities. However, R. C. 1707.09, and specifically R. C. 1707.09(K), can create no new civil liability in view of the provision of R. C. 1707.40, which reads, as follows:

"Sections 1707.01 to 1707.45, inclusive, of the Revised Code create no new civil liabilities, and do not limit or restrict common law liabilities for deception or fraud other than as specified in sections 1707.41, 1707.42, and 1707.43 of the Revised Code, and there shall be no civil liabilities for noncompliance with orders, requirements, rules, or regulations made by the division of securities under sections 1707.19, 1707.20, and 1707.23 of the Revised Code."

Plaintiffs contend, however, that, as purchasers of securities, they may maintain an action against any person who has violated any provision of R. C. 1707.01 to 1707.45, inclusive, by virtue of R. C. 1707.43, which provides in pertinent part, that:

"Every sale or contract for sale made in violation of sections 1707.01 to 1707.45, inclusive, of the Revised Code, is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to such purchaser, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by such purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision."

It is true that plaintiffs, as purchasers of securities sold in violation of R. C. Chapter 1707, may maintain an action for the full amount paid for the securities and all taxable court costs against the seller and every person who particpiated in or aided the seller in making the sale. However, R. C. 1707.43 does not authorize an action against the state. The state is not a person within the purview of that section, inasmuch as the word "person" is defined by R. C. 1707.01(D) in such a manner as not to include the state within the definition. Whether or not officers or employees of the state who act contrary to the authority vested in them and thereby aid or abet the sale of fraudulent securities are sueable under R. C. 1707.43 is not an issue before us.

Plaintiffs further contend that they have stated a claim against the state for securities fraud under Section 17(a) of the Securities Act of 1933, a federal law. Even assuming that the state officers and employees involved acted fraudulently in qualifying the securities under Ohio law, such act would not give rise to any claim for relief against the state itself, by virtue of section 17(a) of the Securi-

ties Act, even assuming that such act gives rise to a private cause of action. Section 17(a) of the Securities Act makes it "unlawful for any person in the offer or sale of any securities" to directly or indirectly employ a scheme to defraud to obtain money or property by means of any untrue statement, or to engage in any transaction or business practice which would operate as a fraud or deceit upon purchasers. Since the state could have no direct connection with the offering for sale or sale of the securities, the federal law cannot operate to make the state liable merely because officers or employees may, contrary to statutory authority, fraudulently register the securities for sale in Ohio. The Division of Securities is a regulatory agency of the state of Ohio in the exercise of the police power of the state. By regulating the sale of securities under the police power, the state in no way engages or participates in the sale or the offering for sale of the securities which are regulated by the state.

Accordingly, there is no state or federal statutory basis for plaintiffs' claim against the state. There remains the issue of whether there is some common law basis for such a claim against the state. Plaintiffs contend, in effect, that they may maintain a common law action of fraud against the state under the allegations of the complaint.

Even assuming that such an action could be maintained against the state officers and employees who participated in the alleged fraudulent registration of the securities, such an action cannot be maintained against the state itself. R. C. 1707.44(C)(4) tends to negate any right of a prospective purchaser of securities registered as qualified for sale in this state, pursuant to R. C. 1707.09, to rely upon such qualification in determining whether to purchase the securities, and whether there is any fraud or illegality in connection with the issuance and sale of such securities. That section specifically provides:

"(C) No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions: * * *

"(4) the offer or sale is accompanied by a statement that the security offered or sold has been or is to be in any manner indorsed by the division."

Plaintiffs concede that the state of Ohio is not an insurer or guarantor of securities registered with it, but contends that the state has no authority to qualify any issue of securities "when it has knowledge that: the business of the issuer is fraudulently conducted; a proposed offer or disposal of a security is on grossly unfair terms or; the plan of issuance (*sic*) or sale of a security would defraud or deceive purchasers and the qualification of said security under such circumstances would constitute a misrepresentation to the public, including plaintiffs."

Plaintiffs are incorrect in contending that the state, as an entity, has no authority to qualify an issue of securities which does not comport with the provisions of R. C. 1707.09 (K). It is the state which has imposed the limitation of that section; the limitations are not imposed upon the state. Rather, R. C. 1707.09(K) delimits the authority of the division of securities and the officers and employees thereof and, in effect, prohibits them from registering securities unless the requisite findings can be made.

Plaintiffs contend that the officers and employees of the division of securities of the state acted contrary to the authority vested in them by statute and registered certain securities which not only did not meet the statutory requirements, but which such officers and employees knew were fraudulent. If plaintiffs' allegations be correct, the acting of the officers and employees of the division of securities were *ultra vires*, not being authorized by law and being contrary to the interest of the state itself. The interest of the state is to attempt to protect the public of the state against fraudulent, grossly unfair, and deceptive securities.

Despite plaintiffs' concession that the state is not an insurer or guarantor of securities registered with it, plaintiffs, in effect, seek by this action to make the state an insurer or guarantor of securities. They specifically contend that the act of the state in registering the securities constitutes a representation to the public that the securities are not offered on grossly unfair terms, that the plan of

sale would not defraud or deceive purchasers, and that the business of the issuer of the securities is not fraudulently conducted. Plaintiffs do not in this case contend that a mere error of judgment on the part of a state agency gives rise to a cause of action, but there is little difference insofar as imposing liability upon the state. Fraud may consist of making representations not known to be true, as well as making representations known to be false.

Purchasers of securities in Ohio have no right to rely upon a qualification of the securities by registration with the division of securities as a representation by the state that the business of the issuer is not fraudulently conducted, that the proposed offer or disposal of securities is not on grossly unfair terms, and that the plan of issuance and sale of the securities would not defraud or deceive, or tend to defraud or deceive, purchasers. Although the state attempts to protect the general public, qualifications of the securities by registration with the division of securities does not constitute a representation by the state to the general public that the securities are safe to buy.

Plaintiffs allege that various persons holding positions of authority and trust for the state actively and knowingly assisted, aided and abetted others in defrauding plaintiffs by perpetrating acts of common law fraud against plaintiffs. If this be true, there was a complete dereliction of duty on the part of such persons holding positions of authority and trust for the state to such an extent as indicated above that their actions cannot be imputed to the state but, rather, are *ultra vires*. Actively and knowingly assisting and aiding and abetting another to defraud a person is not within the scope of employment or authority of persons holding positions of authority and trust for the state. Rather, under present R. C. 2921.44(E), such activity would constitute a crime againts the state. Assisting or aiding and abetting others to commit a fraud upon the public cannot be within the implied or apparent authority of any person holding a position of authority or trust for the state of Ohio.

Defendant contends that plaintiffs are precluded from

bringing this action by virtue of the doctrine of official immunity. Under that doctrine, officers and employees of the state are not liable for the good-faith exercise of discretion and judgment. Assuming that doctrine would preclude an action against the state where the officer or employee through whom the state acted was entitled to official immunity, it is not applicable in this case, since it is alleged in the complaint that the persons through whom the state acted did not act in good faith. However, as stated above, the complaint herein does not state a claim for relief against the state, and the second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.