CAIN, APPELLANT, *v.* STATE OF OHIO, DEPARTMENT OF HIGHWAY SAFETY ET AL., APPELLEES.

BUFFINGTON, APPELLANT, *v.* STATE OF OHIO, DEPARTMENT OF HIGHWAY SAFETY ET AL., APPELLEES.

(No. 83AP-657 and -658—Decided January 26, 1984.)

*Mr. William L. Stehle* and *Mr. Mark C. Brooks,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. John P. Gilligan,* for appellees.

MOYER, J. These consolidated appeals from a final judgment of the Court of Claims dismissing plaintiffs' complaints for lack of subject matter jurisdiction, and failure to state a claim for which relief may be granted, present us with the issue of whether the state may be liable when its agents or employees issue a driver's license to a person who could not read or write the English language, who passed an examination that was written in Spanish, and who later caused an automobile accident in which plaintiffs were injured.

Each plaintiff's assignment of error asserts the following:

"The court below erred in dismissing Plaintiff-Appellant's complaint because it does not appear beyond doubt that Plaintiff-Appellant can prove no set of facts in support of her claim which would entitle her to relief."

Plaintiffs argue that employees of the Ohio Department of Highway Safety failed to comply with the requirements of R.C. 4507.08, which provides, in part, as follows:

"No temporary instruction permit or operator's or chauffeur's license shall be issued to, or retained by:

"* * *

"(C) Any person who is unable to understand highway warnings or traffic signs or directions given in the English language."

The examination in the Spanish language was administered to defendant Cruz under the authority granted in R.C. 4507.11, which expressly provides that special examinations:

"* * * [M]ay be conducted in such a manner that applicants who are illiterate or limited in their knowledge of the English language may be tested by methods that would indicate to the examining officer that the applicant has a reasonable knowledge of motor vehicle laws and understands highway traffic control devices."

Plaintiffs argue that R.C. 4507.08 (C) was adopted for the protection of the public, that the state owes a duty to persons such as plaintiffs to protect them from drivers who cannot be reasonably expected to comply with traffic signs and control devices, and that that duty was breached because defendant Cruz caused them to be injured while he was driving in the wrong lane of a highway.

We have consistently held that statutes such as those before us in this case do not create a duty owed to any specific or particular person, but rather, create duties owed only to the general public and that noncompliance with such statutes can therefore not be the basis of a tort action. *Shelton* v. *Indus. Comm.* (1976), 51 Ohio App. 2d 125 [5 O.O.3d 286]; *Spencer* v. *State* (Apr. 14, 1977), Franklin App. No. 76AP-1021, unreported; *Tamargo* v. *Cook* (Apr. 29, 1976), Franklin App. No. 75AP-449, unreported.

By adopting R.C. 2743.02(A) the Ohio General Assembly waived the state's immunity from liability and permitted claims against the state to be determined in the Court of Claims in accordance with the same rules of law applicable to suits between private parties. In order for a private party to be liable for negligence, there must be a breach of a duty owed to that party. The same rule of law is applicable to the state of Ohio. Neither R.C. 4507.08(C) nor 4507.11 creates a duty owed by the state of Ohio to plaintiffs, but, rather, they create a statutory duty to administer examinations to persons who do not speak or write the English language that will indicate that the applicant has a reasonable knowledge of motor vehicle

laws and understands the highway traffic control devices. That duty is to the public in general and not to specific persons or groups of persons. Because plaintiffs could prove no set of facts that would entitle them to recovery, see *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], the trial court did not abuse its discretion in dismissing plaintiffs' complaints. The assignment of error is overruled, and the judgments of the trial court are affirmed.

*Judgments affirmed.*

WHITESIDE, P.J., and McCORMAC, J., concur.