APPLEGATE ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF AGRICULTURE, APPELLEE.
EDER, TRUSTEE IN BANKRUPTCY, APPELLANT, *v.* OHIO DEPARTMENT OF AGRICULTURE, APPELLEE.

(Nos. 83AP-1208 and -1209—Decided December 31, 1984.)

*Wood, Lamping, Slutz & Reckman* and *David A. Caldwell,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Karl W. Schedler* and *James E. Davidson,* for appellee.

REILLY, J. These cases involve the appeals of twenty-six farmers who had deposited grain with Queen City Grain, Inc. and the trustee in bankruptcy for Queen City, representing the bankrupt's trade creditors. They appeal the decision of the Court of Claims which dismissed their actions against the Ohio Department of Agriculture, for failure to state a claim upon which relief could be granted. The appeals advance the identical assignment of error, as follows:

"The Court of Claims erred in sustaining Defendant's motion to dismiss."

Plaintiffs sustained losses due to the bankruptcy of Queen City. They brought their actions against the Department of Agriculture based upon the warehouseman's license issued by the department to Queen City. They contended that the department failed to ascertain whether Queen City was solvent prior to issuance and renewal of the license, as required by the provisions of R.C. 926.06 in effect at the time, and that their losses were the result of their detrimental reliance upon the fact that Queen City had been licensed by the department although it was insolvent.

In its decision dismissing plaintiffs' actions, the Court of Claims found R.C. 926.06 to be "a discretionary statutory act for the benefit of the state and not for the benefit of any particular individual," and further concluded that plaintiffs' actions were not ones subject to determination in accordance with the same rules of law applicable to suits between private parties, such that the state had not waived its immunity in R.C. 2743.02. Hence, the Court of Claims determined that plaintiffs could prove no set of facts entitling them to relief.

Prior to the recent decision of the Supreme Court in *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, it was clear that dismissal of plaintiffs' complaint for failure to state a claim upon which relief could be granted was proper. This court has frequently stated that the Court of Claims Act created no new cause of action, but only allowed suit against the state in accordance with the rules of law applicable to suits between private parties. One such rule is that a party is not liable for injuries to another based upon negligence, absent a duty owed to the injured party. *Shelton* v. *Indus. Comm.* (1976), 51 Ohio App. 2d 125 [5 O.O.3d 286]; *Cain* v. *State* (1984), 14 Ohio App. 3d 105. Moreover, in cases involving statutes for the issuance of licenses, this court has frequently found that such statutes imposed no duty upon the state owed to any specific person. See, *e.g.,* *Shelton, supra* (statutory duty to inspect places of business and boilers is owed to the public in general rather than to any specific person); *Smith* v. *Wait* (1975), 46 Ohio App. 2d 281 [75 O.O.2d 560], and *Devoe* v. *State* (1975), 48 Ohio App. 2d 311 [2 O.O.3d 300] (duty of Department of Commerce to register securities owed to general public); *Tamargo* v. *Cook* (April 29, 1976), Franklin App. No. 75AP-449, unreported (duty of Department of Highway Safety to inspect automobile prior to issuance of certificate of title, R.C. 4505.06, owed to general public); and *Cain, supra* (duty of Department of Highway Safety to test drivers for understanding of English language, R.C. 4507.08[C], owed to public in general). The statute involved in this case, R.C. 926.06, is a statute such as those in the above-noted cases, and, thus, cannot form the basis of a tort action by a party incidentally affected by the breach of the statutory duty to determine solvency.

In *Reynolds, supra,* however, the Supreme Court stated in the syllabus:

"1. The language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits be-

tween private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities.

"2. Once a decision has been made to furlough a prisoner pursuant to R.C. 2967.26, a cause of action can be maintained against the state for personal injuries proximately caused by the failure to confine the prisoner during nonworking hours in accordance with R.C. 2967.26(B). Such a failure to confine is negligence *per se,* and is actionable pursuant to R.C. 2743.02."

*Reynolds* involved a claim by a plaintiff against the state for injuries received in an assault by a prisoner on a work furlough from prison pursuant to R.C. 2967.26(B). In overruling the decision of this court finding that the statute created no duty on the part of the Adult Parole Authority owed towards the specific plaintiff, the court held that the state's failure to confine the prisoner for any periods of time that he was not actually working at his employment, as required by R.C. 2967.26(B), constituted actionable negligence. In the opinion of

*Reynolds,* at 70, Justice Clifford F. Brown stated, "[u]nder the above standard plaintiffs may not maintain an action against the state for its decision to furlough a prisoner."

While *Reynolds* changed the focus of the analysis of the state's waiver of immunity in the Court of Claims Act, it did not, in this case, change the outcome. Similar to the decision to furlough a prisoner pursuant to R.C. 2967.26, discussed in the second paragraph of the syllabus in *Reynolds,* the decision of the state Department of Agriculture to issue a warehouseman's license to Queen City pursuant to R.C. 926.06 was a discretionary, policymaking act which will not support a cause of action against the state. The statute imposes no duty upon the state owed to these plaintiffs, unlike R.C. 2967.26, which the court in *Reynolds* found to be enacted for the protection of the plaintiffs therein.

Thus, for the foregoing reasons, the Court of Claims did not err in dismissing plaintiffs' complaints, because plaintiffs could prove no set of facts entitling them to recover from the state. See *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223]. The assignments of error are, therefore, not well-taken and are overruled, and the judgments of the Court of Claims are affirmed.

*Judgments affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.