ZUBER, APPELLANT, *v.* DEPARTMENT OF INSURANCE OF OHIO ET AL., APPELLEES.

(No. 86AP-52—Decided
October 16, 1986.)

*Thomas J. Zuber*, pro se.
*Anthony J. Celebrezze, Jr.*, attorney general, *Nancy J. Miller* and *Kenneth L. McLaughlin*, for appellees.

REILLY, J. Appellant, Thomas J. Zuber, purchased single premium deferred annuities from subsidiary insurance companies of Baldwin-United Corporation, the parent corporation. Appellant alleges that he heard from various sources that Baldwin-United was having financial difficulty. Appellant contends that late in 1982 he called the Ohio Department of Insurance ("department") and inquired about the financial condition of Baldwin-United and its subsidiaries.

Appellant contends that he was advised by an employee of the department that Baldwin-United and its subsidiaries were financially secure. Appellant claims that he left his savings with these companies because of the information he received from the department. In July 1983, these annuity companies were placed into rehabilitation and all annuity assets were frozen.

Subsequently, appellant brought an action for damages in the Ohio Court of Claims against the department and the Ohio General Assembly. The department and the General Assembly moved for dismissal pursuant to Civ. R. 12(B) on the basis that appellant failed to state a claim upon which relief could be granted.

Appellant moved to file an amended complaint. Later, the department and the General Assembly filed their motion in opposition to appellant's motion to amend the complaint and asserted that there was not a statutory or common-law duty owed to appellant.

The Court of Claims in its written opinion dismissed both the department and the General Assembly. The court stated that:

"In this cause, plaintiff [Zuber] fails to indicate with any degree of specificity in support of his position which Ohio statute the issuance of the annuities were [*sic*] violated and specifically where the department of insurance has failed to enforce the law pertaining to such annuities, or has acted in bad faith, or abused its discretion in regulating the affairs of the annuity issuer in Ohio."

Further, the court held that appellant had no actionable claim against the General Assembly based upon the rationale that the legislature had no legal duty to enact legislation to protect appellant if the issuer of the annuities could not meet its financial obligations.

Appellant has appealed, and advances the following two assignments of error:

"I. The Court of Claims' action in sustaining appellees' motion to dismiss is contrary to present law in Ohio governing pleadings.

"II. The opinion of the Court of Claims fails to address the present law of Ohio relating to the claims against appellees."

The assignments of error will be considered together as they are interrelated. The Supreme Court, in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, held that for a court to dismiss a complaint for failing to state a claim upon which relief can be granted, it must appear beyond a doubt that the allegations in the complaint can prove no set of facts, which when construed most favorably to the plaintiff would entitle him to relief.

Appellant contends that the department breached a statutory duty of care owed to him. The sections which appellant relies upon are R.C. 3901.011 and 3901.14.

Judge Whiteside stated in his concurring opinion in *Spencer* v. *State* (Apr. 14, 1977), No. 76AP-1021, unreported, that:

"* * * A statute imposing duties upon the officers and employees of the state does not create a claim for relief in third persons against the state for breach of such duties by such state officers or employees unless the statute specifically provides therefor. * * * In order for a claim against the state to be created by statute, the statute must specifically so provide. * * *"

The Revised Code sections upon which appellant relies do not particularly provide for a claim against the state. Specifically, R.C. 3901.14, which provides for the review of the financial condition of insurers doing business in the state, does not impose any affirmative duty upon the department to announce to the public any potential or current financial difficulties concerning Baldwin-United and its subsidiaries. These provisions are merely regulatory in nature.

Therefore, appellant's contention that the department breached its statutory duty imposed by law is not well-taken.

The question is whether appellant may maintain an action in the Court of Claims against the state where it is alleged that one of its employees, absent a statutory duty to provide financial information, nevertheless negligently misrepresented the financial condition of Baldwin-United and its subsidiaries. Thus, appellant's claim that the department breached a common-law duty of care is premised upon negligent misrepresentation.

Appellant asserts that the state has waived its immunity under R.C. 2743.02. This section states in pertinent part:

"(A) The state hereby waives * * * its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

In *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, 14 OBR 506, 471 N.E. 2d 776, the Supreme Court interpreted the language of R.C. 2743.02, in paragraph one of the syllabus, as follows:

"The language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. *However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities.*" (Emphasis added.)

While the *Reynolds* case dealt with a breach of a statutory duty, the

Supreme Court's interpretation of R.C. 2743.02 remains unchanged and is therefore applicable to this case.

There has not been a new claim for relief or right of action created by the state's waiver of immunity, under R.C. 2743.02. *McCord* v. *Division of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 8 O.O. 3d 77, 375 N.E. 2d 50; *Smith* v. *Wait* (1975), 46 Ohio App. 2d 281, 75 O.O. 2d 560, 350 N.E. 2d 431. The statute merely allows a party to bring an action which is predicated on a claim for relief against a private party for which the state would have been liable but for its sovereign immunity. Hence, when an action is brought under this statute, "liability [will be] determined with the same rules of law applicable to suits between private parties." *Reynolds, supra,* at 70, 14 OBR at 507, 471 N.E. 2d at 778.

As indicated above, appellant claims that the department breached a common-law duty owed to him based upon the tort of affirmative negligent misrepresentation. The department's position that no common-law duty was owed to appellant is contrary to the holding in *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154, 24 O.O. 3d 268, 436 N.E. 2d 212. In that case, the Supreme Court recognized negligent misrepresentation in limited circumstances as the basis for a cause of action.

In *Haddon View,* the court cited with approval the Restatement of the Law 2d, Torts (1977) 126-127, Section 552, which provides in part:

"(1) One who, in the course of his business * * * supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) * * * [T]he liability stated in Subsection (1) is limited to loss suffered

"(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

"(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."

Thus, appellant's amended complaint must be examined to determine whether it can withstand appellees' Civ. R. 12(B)(6) motion under the standard of *O'Brien, supra.*

Appellant in his amended complaint alleged the following:

" * * * Defendant, Department of Insurance of Ohio, negligently failed to perform routine and ministerial duties, including proper auditing, accounting, oversight of insurance company operation, investigation, holding public hearings, revocation of license of dangerous companies, reporting findings to the public, and other services which private firms would have performed if the State had not pre-empted the field.

"In spite of inquiry by plaintiff of defendant, Department of Insurance of Ohio, plaintiff was not informed of the condition of the companies. Said Department, by its employees, negligently and carelessly gave information to plaintiff inducing said plaintiff to leave funds in said companies, thus causing damage to the plaintiff."

The foregoing is not adequate to state a claim upon which relief can be granted. Appellant does not allege that he was supplied false information. Rather, he alleged that it was "negligently and carelessly" given to him. Further, he does not allege in his complaint that he justifiably relied on the information. These elements, false information and reliance, are necessary for a cause of action in negligent repre-

sentation. Consequently, appellant has failed to state a claim for negligent representation.

The department also contends that, pursuant to R.C. 2743.02, the state cannot be sued as any determination whether Baldwin-United was solvent involved a high degree of official judgment or discretion. We agree. See *Applegate* v. *Ohio Dept. of Agriculture* (1984), 19 Ohio App. 3d 221, 19 OBR 366, 483 N.E. 2d 1220.

For these reasons, appellant's first assignment of error is not well-taken.

In appellant's second assignment of error, he basically alleges that the Court of Claims erred when dismissing his claim against the General Assembly. Appellant has not challenged the constitutionality of any sections of R.C. Title 39.

Initially in appellant's original complaint, he failed to allege any facts or law regarding his cause of action against the General Assembly. In appellant's amended complaint, he sets out in paragraphs five and six his allegations against the General Assembly.

This court agrees with the Court of Claims' characterization of appellant's claim against the General Assembly. The Court of Claims stated that:

" * * * [The] legislature [*sic*] body failed to enact appropriate legislation to protect purchasers of annuities to be reimbursed if the issuer cannot meet the required payments, as the General Assembly's responsibility in enacting legislation that would give the insurance department adequate responsibility to protect purchasers of annuities, is without merit."

The Supreme Court in *Reynolds, supra,* construing R.C. 2743.02, held in paragraph one of the syllabus that "the state cannot be sued for its legislative or judicial functions." Clearly, appellant's allegation that the General Assembly failed to propose legislation expressly involves the legislative func-

tions of the General Assembly. Hence, the state has not waived its immunity regarding the suit brought by the appellant against the General Assembly.

Since the judicial branch has neither the power nor the authority to question the prerogative of the General Assembly in its choice not to propose certain legislation, it appears beyond a reasonable doubt that appellant can prove no set of facts entitling him to relief against the General Assembly. The Court of Claims properly granted appellees' motion to dismiss the General Assembly as a party in the instant case.

Thus, appellant's second assignment of error is not well-taken.

Accordingly, appellant's assignments of error are overruled, and the judgment of trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and HENDRICKSON, JJ., concur.

HENDRICKSON, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.