BOWERS ET AL., APPELLANTS, *v.* THE STATE OF OHIO, DEPARTMENT OF NATURAL RESOURCES, DIVISION OF WILDLIFE, APPELLEE.

(No. 86AP-194—Decided December 30, 1986.)

*Richard W. Penn,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Stephen P. Samuels,* for appellee.

McCORMAC, J. Plaintiffs-appellants, Robert D. Bowers II and Carol Bowers, filed a complaint in the Ohio Court of Claims alleging that the state of Ohio, Department of Natural Resources, Division of Wildlife, had undertaken a systematic and continuing maintenance program to increase the population levels of deer throughout Ohio, resulting in an increase from seventeen thousand deer in 1965 to more than one hundred twenty thousand in 1982. Appellants alleged, as a result of the state's "negligent mismanagement" of the deer in Ohio, their orchard has been damaged severely by "marauding deer which are under the state's ownership" resulting in damages to them of $26,558.40.

The state of Ohio moved to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted, which motion was sustained by the Court of Claims.

Appellants have appealed, asserting that their complaint stated a cause of action.

The sole issue is whether there is any liability by the state of Ohio for damages caused by deer to private property as a result of the wildlife division's management of deer in Ohio which has allowed the deer population to increase very substantially.

R.C. 2743.02 provides that the state's liability shall be determined in accordance with the same rules applicable to suits between private parties. This provision means that the state cannot be sued for its legislative or judicial functions, or the exercise of an executive or planning function involving the making of a policy decision which is characterized by the exercise of a high degree of official judgment or discretion. *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, 14 OBR 506, 471 N.E. 2d 776.

The first issue is whether the management of deer in Ohio resulting in protection to the deer which allows them to increase in number is a basic policy decision characterized by the exercise of a high degree of official judgment or discretion. The answer to that

question is yes. R.C. 1531.08 provides that the Department of Natural Resources through the Chief of the Division of Wildlife has authority and control in all matters pertaining to the protection, preservation, propagation, possession and management of wild animals in Ohio. The chief is also given discretion to regulate the taking and possessing of wild animals at any time and place, or in any number, quantity or length and in any manner, and with such devices as he prescribes. There are many facets surrounding the determination of the protection and propagation to be given a particular species of animals which, of necessity, leads to policy decisions characterized by the exercise of a high degree of official judgment or discretion. Hence, the policy decisions of which appellants complain are outside the area in which the state may have its liability determined in accordance with the rules of law applicable to suits between parties. The decisions complained of herein are the high level policy decisions rather than the negligence of employees and agents of the state in administering the policies. Thus, it appears beyond doubt from the complaint that appellants can prove no set of facts entitling them to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753.

There is no duty on the part of the state upon which liability to an injured person may be predicated under R.C. 2743.02 to protect the property of that individual from actions of deer which are running at-large throughout the state. Ownership of wildlife is vested in the state in trust for the benefit of all the people. R.C. 1531.02. Thus, the duty of the state to manage the wild animals which exist in the state of Ohio as a result of the aforesaid policy decisions is a duty for the benefit of the public at-large rather than one owed to

any particular individual. See *Shelton* v. *Indus. Comm.* (1976), 51 Ohio App. 2d 125, 5 O.O. 3d 286, 367 N.E. 2d 51.

Appellants' assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, J., concurs.

HANDWORK, J., dissents.

HANDWORK, J., of the Sixth Appellate District, sitting by assignment in the Tenth Appellate District.

HANDWORK, J., dissenting. I respectfully dissent.

Upon review of the state's motion to dismiss the case for failure to state a claim upon which relief may be granted, the Court of Claims initially ruled that a cause in tort had properly been asserted and the motion was denied. The court, however, opted to reconsider that ruling based upon what it found to be the binding precedent of *Jenkins* v. *Div. of Wildlife* (Aug. 12, 1976), No. 75AP-524, unreported.

In *Jenkins,* the state had introduced wild beaver onto state-owned property in an effort to repropagate the population. The beavers proceeded to do what beavers do best and built a dam. The resulting pond inundated the adjoining property of the Jenkins farm. Jenkins then sued the state in the Court of Claims for damages. Interestingly, the *Jenkins* case was decided on the authority of but two concurring votes to dismiss the case. One judge on the panel ruled that the case should be dismissed for failure to state a claim. The other concurring vote to dismiss argued that the cause of action sounded in appropriation of real estate rather than in tort and that the Court of Claims did not have subject matter jurisdiction to consider

that issue. Finally, a strong dissenting opinion was entered by the third judge on the panel wherein he argued that the case should proceed as set forth.

In the case *sub judice,* the Court of Claims entered a terse decision finding the *Jenkins* case to be "identical in principle" and dismissed the Bowerses' complaint. In so ruling, the court implicitly adopted the reasoning of both concurring opinions but failed to explicitly articulate its reasoning further. This appeal followed.

Appellants raise two arguments in support of their assignment of error. First, the Court of Claims does have jurisdiction to entertain their claim for damages, and, second, they have indeed stated a claim upon which relief may be granted. I agree with both contentions.

At the outset, I note that R.C. 2743.02 provides, in pertinent part:

"(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, * * * subject to the limitations set forth in this chapter * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability."

As interpreted by the Supreme Court, this statute "* * * does not create a new right of action against the state, but places the state upon the same level as any private party * * *." *McCord* v. *Div. of Parks & Recreation* (1978), 54 Ohio St. 2d 72, at 74, 8 O.O. 3d 77, at 79, 375 N.E. 2d 50, at 52; see, also, *Devoe* v. *State* (1975), 48 Ohio App. 2d 311, 2 O.O. 3d 300, 357 N.E. 2d 396.

In this instance, appellants seek to recover the costs of damage done to their land and fruit trees by marauding deer. Thus, their claim sounds in both tort and in appropriation of their property. Both claims are well-recognized as subject to suit between private parties. Further, it is not contested that the Court of Claims is the proper forum in which to seek redress for damages to private personal property as a result of state action. Thus, we are faced with the issue of whether redress for damages to private real property may be pursued in the Court of Claims.

This precise issue was decided in the case of *Kermetz* v. *Cook-Johnson Realty Corp.* (1977), 54 Ohio App. 2d 220, 8 O.O. 3d 375, 376 N.E. 2d 1357. In that case this court specifically ruled that, where the state has occasioned a *"pro tanto"* or limited taking of private real property in the tortious sense, whether by trespass, encroachment, nuisance or the like, an action may be brought against the state in the Court of Claims. *Kermetz, supra,* at 227, 8 O.O. 3d at 379, 376 N.E. 2d at 1362. Thus, even though one count of appellants' claim sounds in appropriation of real estate through trespass, inasmuch as the mismanagement of the state-owned deer population has restricted the Bowerses' use of their land, the Court of Claims of Ohio does have subject matter jurisdiction over appellants' case.

Appellants next argue that they have set forth a claim against the state upon which relief may be granted. Appellee, state of Ohio, Department of Natural Resources, counters this argument by arguing that it is immune from liability. In support of this contention, the state relies upon the Supreme Court ruling that the "* * * state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * *" *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, 14 OBR 506, 471 N.E. 2d 776,

paragraph one of the syllabus. Importantly, appellee neglects to mention that "* * * once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." *Id.* at paragraph one of the syllabus.

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * * [Citation omitted.]" *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus.

From a review of the complaint, it is clear that appellants do not challenge the policy decision to increase the deer population, but challenge the administration and implementation of that policy. Thus, if the Bowerses can prove that the state violated a duty it owed to them, and that damages flowed to them from that breach, I believe they may be entitled to recovery. Although it appears that the probability of success on such a claim is slim, I would find that appellants have stated a claim upon which relief may be granted. Finally, it is impossible for this court to interpret, or sustain, the state's motion to dismiss as being pursuant to summary judgment. Civ. R. 56. On a summary judgment motion, the moving party has the burden of establishing the lack of a genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47. There is, however, no evidence in the record of any nature to support the state's bald allegation that the Bowerses' deer problems stem from a solely discretionary decision. See *Reynolds, supra.* Absent such evidence, and in light of the foregoing discussion, I would find that the Court of Claims improvidently dismissed the Bowerses' complaint below.

Accordingly, and for the reasons expressed, I would find the assignment of error well-taken.