MILLER et al., Appellants,

v.

CANALE et al., Appellees.

[Cite as *Miller v. Canale* (1990), 66 Ohio App.3d 367.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1007.

Decided March 13, 1990.

---

*Daniel J. Igoe,* for appellants.

*John R. Louden,* for appellee Mario Canale.

*Gottfried, Palmer & Linsker* and *Jeffrey A. Linsker,* for appellee Northway Transportation, Inc.

*Ronald J. O'Brien,* City Attorney, and *Dana M. Peters,* for appellee city of Columbus.

PEGGY BRYANT, Judge.

Plaintiffs-appellants, Michael W. and Barbara Miller, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, city of Columbus.

On February 12, 1987, plaintiffs filed an action against defendants, city of Columbus ("defendant"), Northway Transportation, Inc., d.b.a. Northway Cab Co. ("Northway"), and Mario Canale ("Canale"). Plaintiffs asserted that on February 13, 1986, as a patron of a Northway cab, plaintiff Michael Miller was assaulted by the cab driver, Canale. Moreover, plaintiffs alleged that defendant "negligently failed to administer ordinances, rules and regulations designed to protect the general public and the plaintiffs herein"; that defendant "knew or should have known * * * Canale's criminal record and background made him unsuitable and unfit to be licensed as a taxicab driver"; and that defendant "negligently issued and renewed a taxicab driver's license to * * * Canale despite the availability of knowledge and information of Canale's numerous criminal convictions." Plaintiffs further asserted that by virtue of the foregoing, defendant had breached its duty to plaintiffs by allowing Canale to operate a taxicab, thus exposing plaintiffs "to a foreseeable risk of harm by violent physical assault by * * * Canale and that such tortious conduct constitutes gross negligence."

Defendant initially responded to the complaint with a motion for judgment on the pleadings, contending that in its licensing function it owed no duty to plaintiffs, and that, absent a duty, no liability could be imposed on defendant.

Defendant subsequently filed a motion for summary judgment, with affidavits attached, contesting plaintiffs' allegations of negligence.

Ultimately, the matter was submitted to the court on stipulations, from which the following facts are derived. On February 13, 1986, plaintiff was drinking with friends. The bar manager/owner arranged for a taxi to take plaintiff home, and paid the driver, Canale, $10 in advance. Canale severely beat plaintiff, causing him substantial injuries. Canale's license had been issued on January 21, 1986.

Pursuant to Columbus City Code ("C.C.") Chapter 589, defendant was authorized to issue taxicab driver's licenses. Canale had first applied for a license on April 24, 1980, and the license was issued the same day. Canale had a prior criminal record including forgery, grand theft, obstructing official business, and assault, as well as other dismissed criminal charges, numerous traffic violations, and parole status. In 1980, defendant was referred to the Taxicab License Board for review, and on his failure to appear, his license was suspended. Canale eventually appeared on August 27, 1980, and the license was reinstated. Eight days later, Canale was charged with verbally abusing a female passenger and smoking marijuana in the cab with a friend.

On September 24, 1980, Canale's license was revoked, and the license division supervisor wrote a note to his file stating: "9–4–80 please do not give Canale his license back until I see him." Beneath that, she wrote: "he is to appear before the board 9–24, Re complaint Northway submitted his license."

On January 21, 1986, Canale's file was reviewed. Bobbi Beavers, the clerk who ultimately issued Canale's license, recognized that her role as a license officer was to protect the public riding in taxicabs. She had ordered a Bureau of Criminal Identification record check regarding Canale, but it did not arrive until February 19, 1986. Under C.C. 589.07(D), the application of any person who is on probation at the time of application must be reviewed by the Taxicab License Board. Beavers was familiar with that requirement. Nonetheless Beavers did not submit Canale's application to the board, because she was instructed that the nonreporting probation, to which Canale admitted he was subject, was exempt from that requirement. Canale's license was issued January 21, 1986 and the application was never submitted to the board.

Considering the foregoing stipulations, the trial court found that defendant owed no duty to plaintiffs under the ordinance at issue; and that, even were a duty found, the defendant's alleged violation of the provisions of the relevant ordinances did not proximately cause plaintiffs' injuries. Accordingly, the trial court granted defendant's motion for summary judgment.

Plaintiffs appeal therefrom, assigning the following three errors:

"I.  The trial court erred in finding that the City of Columbus had no legal duty with respect to the issuance of a taxicab driver's license to Mario Canale.

"II.  The trial court erred in finding that there was no proximate cause between the negligent issuance of the taxicab driver's license to Mario Canale and the assault on appellant on February 13, 1986.

"III.  The court erred in granting summary judgment."

In their first assignment of error, plaintiffs contend that the trial court erred in finding that defendant had no legal duty to plaintiffs with respect to the issuance of a taxicab driver's license to Canale.  However, we are unable to distinguish the present case from other decisions of this court finding that general licensing ordinances, such as the one involved herein, do not create a duty on the part of the governing agency to any specific or particular person. See *Cain v. State* (1984), 14 Ohio App.3d 105, 14 OBR 119, 470 N.E.2d 208; *Applegate v. Ohio Dept. of Agriculture* (1984), 19 Ohio App.3d 221, 19 OBR 366, 483 N.E.2d 1220.

Indeed, the parallels to *Cain* are noteworthy.  In *Cain*, the plaintiff therein sued the Department of Safety for negligently issuing a driver's license to a person whose inability to read or write later caused him to violate traffic laws, thereby injuring plaintiff.  Therein, this court stated:

"We have consistently held that statutes such as those before us in this case do not create a duty owed to any specific or particular person, but rather, create duties owed only to the general public and that noncompliance with such statutes can therefore not be the basis of a tort action.  * * * " *Id.* at 106, 14 OBR at 120, 470 N.E.2d at 209.

Similarly, we find that the defendant's authority to issue taxicab driver's licenses did not create a duty that defendant owed to plaintiffs herein. Absent a duty, liability cannot attach.  See *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468.  Accordingly, the trial court properly determined that, construing the stipulations in favor of plaintiffs, and assuming that defendant negligently violated the ordinances at issue, defendant owed no duty to these plaintiffs, and therefore is not liable to them.[1]

Plaintiffs' first assignment of error is overruled.

In their second assignment of error, plaintiffs contend that the trial court erred in deciding that defendant's actions did not proximately cause plaintiffs' injuries.  Specifically, plaintiffs assert that but for defendant's

---

1.  While defendant also asserts that even if a duty existed, defendant would be immune from liability under R.C. Chapter 2744, we decline to address that argument, as immunity is only at issue once a defendant's duty to a plaintiff has been established.

negligently issuing a taxicab driver's license to Canale, plaintiffs would not have sustained injuries. Defendant, however, relying on the language of the trial court's decision, contends that proximate cause cannot be established herein, as any negligence of defendant in issuing a taxicab driver's license cannot be said to have proximately caused Canale to assault plaintiff, Michael Miller.

The Supreme Court addressed the issue of proximate cause in *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 287, 21 O.O.3d 177, 180–181, 423 N.E.2d 467, 470–471, and noted:

" * * * In *Clinger v. Duncan* (1957), 166 Ohio St. 217 [216], 223 [222] [2 O.O.2d 31, 34, 141 N.E.2d 156, 162], this court addressed this issue and stated that '[t]he term "proximate cause," is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in a natural and continuous consequences produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability.' One is thus liable for the natural and probable consequences of his negligent acts. *Foss–Schneider Brewing Co. v. Ulland* (1918), 97 Ohio St. 210 [119 N.E. 454].

" 'To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act. As is said in *Miller v. Baltimore & Ohio Southwestern Rd. Co.*, 78 Ohio St. 309, at page 325 [85 N.E. 499, 504] "the rule is elementary, that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act." ' See *Ross v. Nutt, supra* [177 Ohio St. 113, 114, 29 O.O.2d 313, 314, 203 N.E.2d 118, 120]. Thus, a reasonable foreseeability of injury is considered an element of proximate cause.

" * * * '*It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in injury to someone.*' * * * " (Emphasis added.)

In *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, the Supreme Court applied its definition of "proximate cause" to circumstances wherein the state had failed to confine a furloughed prisoner during

nonworking hours as required by R.C. 2967.26. During the time that the prisoner should have been confined, but was not, he assaulted the plaintiff, who brought suit seeking to recover in tort. While the Supreme Court found no duty arising out of the state's decision to furlough the prisoner, the court found a cause of action arising out of the state's responsibility to confine the prisoner during nonworking hours, and further found that the state's breach of that duty proximately caused the plaintiff's injury therein.[2]

In view of the foregoing, neither plaintiffs' nor defendant's concept of proximate cause corresponds to that employed in *Reynolds*. Moreover, we are unable to distinguish the proximate cause relationship found in *Reynolds* from that present herein. Specifically, the assault herein appears to be equally as foreseeable and natural a consequence of defendant's alleged failure as was the assault in *Reynolds* from the state's failure to confine the prisoner therein.

As a result, we find plaintiffs' second assignment of error well taken in substance. However, having found that no duty exists on the part of defendant with respect to these plaintiffs, the trial court's finding of no proximate cause was not prejudicial to plaintiffs. Accordingly, we overrule plaintiffs' second assignment of error.

In their third assignment of error, plaintiffs contend that the trial court erroneously granted summary judgment, as the case warranted a trial on the merits. We disagree. Construing the facts in plaintiffs' favor, and assuming that defendant violated the requirements of the applicable licensing ordinances, we nonetheless find that defendant has no liability to plaintiffs herein, as set forth in the discussion under plaintiffs' first assignment of error. Plaintiffs' third assignment of error is overruled.

Having overruled all three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

---

**2.** The Supreme Court's finding a cause of action in *Reynolds* does not support the same finding herein under plaintiffs' first assignment of error. See, generally, the discussion in *Applegate v. Ohio Dept. of Agriculture* (1984), 19 Ohio App.3d 221, 19 OBR 366, 483 N.E.2d 1220.