ARATARI, APPELLANT, *v.* DEPT. OF REHABILITATION AND
CORRECTION OF OHIO ET AL., APPELLEES.

(No. 75AP-488—Decided March 2, 1976.)

*Messrs. Fontana, Ward, Kaps & Perry* and *Mr. Walter C. Boyuk,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Steven L. Ball* and *Mr. Terry M. Miller,* for appellees.

HOLMES, J. This matter involves the appeal of a judgment of the Court of Claims dismissing the plaintiff's action against the state of Ohio, upon a motion of the state, based upon a lack of jurisdiction of the subject matter due to the application of the limitations within which to bring actions as contained in R. C. Chapter 2743, The Court of Claims Act.

The basic facts upon which this appeal rests grew out of a most unfortunate incident at the Ohio State Penitentiary, where the plaintiff had been incarcerated on January 22, 1972, the date of this specific occurrence out of which the alleged damages arose. The plaintiff, appellant herein, alleged in his complaint, filed on June 25, 1975, that, as he was walking across the courtyard of the penitentiary on his way to his authorized place of work, the guards of such prison opened fire upon him and seriously and permanently injured him. The complaint sets forth that such acts of the state guards constituted acts of assault against plaintiff, or that such acts in the alterna-

tive constituted negligence on the part of the agents of the state.

Mr. Aratari sought a judgment in the sum of $250,-000 normal damages, and $100,000 punitive damages on the first count or, in the alternative, $250,000 on the second count. The state filed a motion to dismiss the complaint on the basis of the limitations of actions provision in R. C. 2743.16(A). Such section reads as follows:

"Claims against the state permitted by this chapter must be commenced within two years of the time of accrual of the cause of action, except that claims to recover damages for injury to property or for personal injury caused by tortious conduct shall be commenced within one hundred eighty days of the time of accrual of the cause of action and claims for damages for wrongful death caused by tortious conduct shall be commenced within one hundred eighty days after the appointment of an executor or administrator for the decedent, unless the claimant files in the court of claims within the respective one hundred eighty day period a written notice of intention to file a claim, in which case any claims must be commenced within two years of the time of accrual of the cause of action. The period of limitations shall be tolled pursuant to section 2305.16 of the Revised Code, except there shall be no tolling during imprisonment unless the imprisoned person is of unsound mind."

The plaintiff argued in the Court of Claims, as well as in this court, that section 3 of H. B. 800, which was enacted into law by the General Assembly, although not codified or made a permanent part of the chapter, controls the time limitation within which to file this action.

Section 3 of Am. Sub. H. B. 800, 135 Ohio Laws 883, in pertinent part states as follows:

"Notwithstanding section 2743.16 of the Revised Code, enacted herein, all actions commenced against the state under this Chapter prior to July 1, 1975 shall be timely if commenced within two years of accrual of the cause of action or if commenced within whatever period of limitations would have been applicable to the particular cause of action if commenced against a private party."

. The plaintiff further argued that section 3 in effect provided that his action was timely commenced, in that it was commenced within the period of limitation that "would have been applicable to the particular cause of action if commenced against a private party." This is so, argues the plaintiff, because the section states "notwithstanding section 2743.16 of the Revised Code * * *."

Continuing in his argument, the plaintiff argued in the trial court, and on appeal that if he had brought his action against a private party he would have had the benefit of the tolling effect of R. C. 2305.16 during his period of disability occasioned by his imprisonment.

The trial court, after quoting section 3 of H. B. 800, and noting that the statute of limitations for assault, pursuant to R. C. 2305.11, is one year, and that the statute of limitations for negligence actions, pursuant to R. C. 2305.10, is two years, applied R. C. 2743.16(A) and stated that "the section indicates that the General Assembly knew of the provision for tolling in R. C. 2305.16, and the legislative intent was to nullify it in the present situation, and others like it by the insertion of the following clause, 'except there shall be no tolling during imprisonment unless the imprisoned person is of unsound mind.' There is no assertion that the plaintiff is of unsound mind * * *."

We are in agreement with the trial court in this regard. Although the sections of law within the Court of Claims Act considered herein, both the codified section as well as section 3 of the uncodified portion of H. B. 800, being considered *in pari materia*, are certainly not examples of crystal-clear legislation, we must rationally construe both in order to reasonably carry out the more obvious intent and purpose of the legislature.

· There can be no doubt that the plaintiff's complaint was filed after the expiration of the statutory time for bringing an assault action pursuant to R. C. 2305.11, and after the expiration of the statutory time for bringing a negligence action pursuant to R. C. 2305.10. This is so, unless there may be found an extension of such times by virtue of one of the sections in the new chapter providing for the Court of Claims; or unless such statute of limita-

tions is tolled by virtue of the aforementioned R. C. 2743.-16.

It is our view, and we so hold, that it was the intent of the legislature to provide for a reasonably orderly transition from the era of the Sundry Claims Board, to which claims against the state were formerly made, to the newly established Court of Claims in accommodating the state's limited waiver of its immunity from liability and consent to be sued.

In section 3 of H. B. 800, in addition to providing that pending claims within the Sundry Claims Board could be commenced anew, and that such claims would not be barred by virtue of R. C. 2743.16, it provides that if actions were commenced by July 1, 1975, "notwithstanding section 2743.16 of the Revised Code," they would be considered timely "if commenced within two years of accrual of the cause of action or if commenced within whatever period of limitations would have been applicable to the particular cause of action if commenced against a private party."

It is our view that by way of section 3 of the Act the legislature desired generally to grant, during this period of transition, those persons who had filed their claims against the state by July 1, 1975, the same amount of time as they would have had in bringing an action against a private individual. Examples of such types of actions, and the statutes of limitations of times for bringing them, may be found in R. C. 2305.04 to 2305.15.

Accordingly, it is our view that the legislature meant that section 3 had reference and was to apply to the time limitation provisions in R. C. 2743.16(A), and did not refer or apply to the "tolling" provision found in such section.

The legislature, by enactment of R. C. 2743.16(A), a permanent section of the Act, provided a certain latitude of time for filing actions against the state in situations where there are definite types of disability. Pursuant to this section, the statute of limitations for bringing actions against the state (generally within two years of the time of accrual and, for claims to recover damages for injury to property or for personal injury caused by tortious con-

duct, 180 days from the date of the accrual of the cause of action) was tolled in certain instances of disability. The tolling is accomplished by way of reference in R. C. 2743.16(A) to R. C. 2305.16. The pertinent provisions of this latter section are as follows:

"Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed * * *."

It may be noted that the special areas of disability set forth in this section include those where a claimant is within the age of minority, of unsound mind, or imprisoned. However, it appears that the legislative body viewing the specific instances of disability that would toll the running of the statutes of limitation for bringing actions, determined that one of such disabilities, that of imprisonment, would not toll the time within which to bring actions against the state under this new Act, "unless the imprisoned person is of unsound mind."

We hold that, in construing R. C. 2743.16(A), of the Court of Claims Act, *in pari materia* with the uncodified section 3 of such Act, it is the meaning of such language that the legislature specifically excepted any tolling of the time within which to bring an action under such Act, due to the disability of imprisonment.

In that the plaintiff filed his complaint, containing both causes of action, prior to July 1, 1975, section 3 may be applied; however, the statute or limitations for filing the action for assault would be one year from the date of accrual, and for the filing of the action for negligence would be two years from the date of accrual, and this action had not been filed within such periods.

Based upon all of the foregoing, the judgment of the Court of Claims is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.