811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George SWANSON, Plaintiff-Appellant,
v.
Captain TACKET; Gordy Pullman; Betty; John Doe,
Defendants-Appellees.
 No. 85-3966.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1986.
 
 1
 Before ENGEL and JONES, Circuit Judges and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals from a district court judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983 for being untimely.
 
 
 3
 Seeking monetary damages, plaintiff sued various prison officials at the Southern Ohio Correctional Facility in Lucasville, Ohio. He charged the defendants with violating his constitutional rights by forcibly injecting him with drugs in 1975 and 1977 and with denying him access to the courts "since 1978." Plaintiff also filed a motion to file instanter and a supplemental pleading in which he asserted additional allegations of wrongdoing which had occurred between the years 1975 and 1983.
 
 
 4
 Upon review of the cause as one which had been referred to a special master, the district court concluded that no clear error existed in the special master's report and, accordingly, dismissed plaintiff's suit.
 
 
 5
 Upon review of the cause, this Court concludes that while the district court applied an incorrect standard of review, plaintiff's suit was still properly dismissed for being untimely.
 
 
 6
 There were two orders entered in this case referring plaintiff's suit to U.S. Magistrate Robert A. Steinberg. Neither order gave him powers of a special master under Rule 53, Federal Rules of Civil Procedure; and, they could not have anyway in this pro se civil rights case absent an express finding of extraordinary circumstances. See Brown v. Westley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir.1985). The district court, therefore, was required to review the magistrate's report de novo in light of the objections raised by the parties. See Brown v. Westley's Quaker Maid, Inc., supra, United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985); Hill v. Duriron Co., Inc., 656 F.2d 1208, 1214-15 (6th Cir.1981).
 
 
 7
 Although the district court applied an incorrect standard of review, it is clear to this Court that vacation of its judgment is not warranted under the circumstances of this case. The plaintiff sued officers of the State of Ohio and sought monetary damages. He was required to do so within one year after the accrual of his cause of action. See Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 106 S.Ct. 2902, reh. denied, --- S.Ct. ---, 1986. With his initial complaint charging violations of his constitutional rights which had occurred in 1975, 1977 and 1978, plaintiff's suit was clearly untimely unless the running of the statute of limitations was tolled. Plaintiff argues that it was tolled pursuant to Ohio Rev.Code Sec. 2305.16 because he has been imprisoned from 1973 to the present. This statute, however, is not applicable to plaintiff's situation. Subsequent to the enactment of Sec. 2305.16, the Ohio General Assembly enacted Ohio Rev.Code Sec. 2743.16 which makes tolling under Sec. 2305.16 on the basis of imprisonment inapplicable to suits brought against the State of Ohio or its officers. Only if the plaintiff is imprisoned and is of unsound mind will the running of the statute of limitations be tolled for a suit brought against the State of Ohio or its officers. See Ohio Rev.Code Sec. 2743.16; Aratari v. Dept. of Rehabilitation and Correction of Ohio, 48 Ohio App.2d 239, 356 N.E.2d 759 (Frnkln.Cty.1976) (prior statute interpreted in like manner). With the plaintiff not having alleged that he was of unsound mind in the district court, his suit was simply not subject to tolling under Ohio Rev.Code Sec. 2743.16. Therefore, since the suit was not brought within one year after his claims accrued in 1975, 1977 and 1978, his complaint was properly dismissed for being untimely. This untimeliness also justified the denial of plaintiff's motion to amend.
 
 
 8
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, hereby affirmed for the foregoing reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation