## Jones v. Department of Health
*[Cite as 7 AOA 424]*

*Case No. 90AP-173*
*Franklin County, (10th)*
*Decided September 20, 1990*

*Fred Weisman and Howard D. Mishkind, Weisman, Goldberg, Weisman & Kaufman Co., L.P.A., for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, and Susan M. Sullivan, for Appellee.*

BRYANT, J.,
Plaintiff-appellant, Robert L. Jones, Jr., appeals from a judgment of the Ohio Court of Claims granting the motion to dismiss of defen-

dant-appellee, Department of Health, Division of Public Health and Laboratories ("ODH").

ODH tests blood samples taken from newborn babies for phenylketonuria ("PKU"). PKU is an hereditary disorder in which the body is unable to metabolize the amino acid phenylalanine, a component of some proteins. If this disorder is not detected and treated with a low protein diet, phenylalanine accumulates in the body, causing brain damage and mental retardation.

According to plaintiff's complaint, shortly after plaintiff was born at University Hospital of Cleveland on January 22, 1971, samples of his blood were taken and sent to ODH's laboratory for PKU testing. Within a few days, ODH reported that plaintiff did not have PKU. Plaintiff's sister was born in February 1972 and tested for PKU shortly thereafter. When it was determined that plaintiff's sister had PKU, plaintiff was, retested. Results of the new test conducted when plaintiff was approximately thirteen months old showed that plaintiff had "classic" PKU, a form of the disease clearly diagnosable by blood tests. Plaintiff alleged that he suffered brain damage because this condition was not detected and treated immediately after his birth.

On October 17, 1987, plaintiff's father filed suit against ODH on behalf of his son, alleging that ODH was negligent in testing plaintiff's blood for PKU or reporting incorrect test results. Dismissal was granted on a Civ. R. 12(H)(3) motion to dismiss for lack of subject-matter jurisdiction. Plaintiff appeals therefrom, assigning the following errors:

"I. The Court of Claims erred in failing to apply the Court of Claims Act, Ohio Revised Code Chapter 2743, to appellant, Bobby Jones' cause of action against the state of Ohio.

"II. The Court of Claims erred in applying the public duty rule as a bar to appellant Bobby Jones claim against the state.

"III. The Court of Claims erred in failing to render a decision on the merits with regard to the issue of the state's liability."

Under his first assignment of error, plaintiff contends that his suit properly may be brought under the Court of Claims Act, which was effective January 1, 1975.

As a threshold matter, we must determine when plaintiff's cause of action accrued in order to determine the law to be applied and the date the limitations period began to run. Plaintiff contends that his cause of action did not accrue until after the effective date of the Court of Claims Act. Defendant contends that it accrued in 1972, before the effective date of the Act.

Ohio follows the "discovery rule" of accrual for bodily injury actions under R.C. 2305.10, which establishes the limitations period for actions brought against private parties:

"When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant, for purposes of the statute of limitations contained in R.C. 2305.10." *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, paragraph two of the syllabus.

Although plaintiff's cause of action is not brought under R.C. 2305.10 against a private party, we see no reason to apply a different standard to causes of action brought against the state in the Court of Claims. We also see no reason to apply a different standard to accrual of a minor's cause of action, as plaintiff urges. A minor's cause of action for bodily injury, like an adult's cause of action, accrues upon discovery of the injury. R.C. 2305.10; R.C. 2305.16. Plaintiff learned of his injury in 1972 when the PKU test was repeated. Under the discovery rule, then, plaintiff's cause of action accrued sometime in 1972.

The Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." R.C. 2743.02. Conversely, the Court of Claims lacks subject-matter jurisdiction of civil actions against the state that are outside the scope of the state's waiver of immunity under R.C. 2743.02. See *Aratari v. Dept. of Rehabilitation* (1976), 48 Ohio App. 2d 239. Thus, the Court of Claims has subject-matter jurisdiction of the instant case only to the extent that the state has waived its immunity.

Historically, the doctrine of sovereign immunity operated as a complete bar to suits against the state unless the state consented to the suit. *Krause, Admr., v. State* (1972), 31 Ohio St. 2d 132, paragraph one of the syllabus, appeal dismissed (1972), 409 U.S. 1052. However, the state waived its Immunity in 1975 when the General Assembly passed the Court of Claims Act, Am. Sub. H.B. 800.

A portion of the Act, codified as R.C. 2743.02(A)(1), provides:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, In the court of claims created In this chapter in accordance with the sames rules of law applicable to suits between private parties ***." R.C. 2743.16 prospectively establishes a maximum two-year limitations period for all causes of actions brought under the Court of Claims Act and provides for tolling of this limitations period substantially in accordance with the provisions of R.C. 2305.15.

Section 3 of the Act, which remained uncodified, further provides:

"This act shall take effect on January 1, 1975. Notwithstanding section 2743.16 of the Revised Code, enacted herein, all actions commenced against the state under this Chapter prior to July 1, 1975 shall be timely if commenced within two years of accrual of the cause of action or if commenced within whatever period of limitations would have been applicable to the particular cause of action if commenced against a private party." Am. Sub. H.B. 800, section 3 (1975).

Thus, in addition to having prospective effect, the Act provided a limited opportunity for the filing of suits against the state based on causes of action that accrued before January 1, 1975. Section 3 provides that such a suit is not subject to the two-year limitations period specified in R.C. 2743.16. Rather, a suit based on a cause of action that accrued before January 1, 1975, is deemed to be timely filed if two requirements are met. First, the suit must be commenced prior to July 1, 1975. Second, the suit must be commenced within either two years of accrual of the cause of action or within the period of limitations applicable to a similar suit between private parties.

Plaintiff first contends that the prospective provisions of the Court of Claims Act should be applied because his cause of action did not accrue until after the effective date of the Act. This argument is without merit. Plaintiff's cause of action accrued in 1972, not on creation of the Court of Claims in 1975. See *Evans v. State* (Sept. 27, 1977), Franklin App. No. 77AP-419, unreported (1977 Opinions 3356) (cause of action against the state did not accrue on creation of the Court of Claims).

Plaintiff next contends that, even if his cause of action accrued before 1975, the limitations period prescribed by Section 3 of the Act is tolled during the period of his infancy. This court rejected that argument in *Aratari, supra.*

In that case, a prisoner brought suit against the state prior to July 1, 1975, but after the expiration of the limitations period that would have been applicable had he brought his causes of action against private parties. *Id.* at 243. *Aratari* argued that Section 3 of Am. Sub. H.B. 800 should be construed with R.C. 2743.16(A) to toll the limitations period during the period of his imprisonment. *Id.* at 241.

The court found that Section 3 referred only to the time limitation provisions of R.C. 2305.16(A) and not to the tolling provisions of this statute. *Id.* at 242. Although the plaintiff in *Aratari* would have received the benefit of tolling had he brought his causes of action against a private party, his cause of action against the state was not tolled under Section 3 of Am. Sub. H.B. 800. Thus, even though the plaintiff in *Aratari* filed suit before July 1, 1975, his causes of action against the state were barred by expiration of the limitations period applicable to private parties, exclusive of tolling.

Applying *Aratari* to the instant case, we conclude that plaintiff's cause of action is barred under Section 3 of Am. Sub. H.B. 800. Plaintiff did not file his suit within either limitations period specified in Section 3. The limitations period for negligence actions against private parties pursuant to R.C. 2305.10 is two years. Plaintiff is not entitled to tolling of this limitations period under Section 3 of Am. Sub. H.B. 800. See *Aratari, supra; Courtney v. Cleveland Metropolitan General Hospital* (Apr. 13, 1989), Cuyahoga App. No. 55250, unreported. Thus, plaintiff did not file his suit within the limitations period applicable to private parties. Neither did he file within two years of the accrual of his cause of action. In addition, plaintiff did not file suit before July 1, 1975, as required by Section 3.

Plaintiff further contends that Section 3 is unconstitutional as applied to him if it is construed not to provide for tolling during the period of infancy, as his cause of action would be unconstitutionally barred under the open court provision, Section 16, Article I, of the Ohio Constitution, which provides as follows:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

The open court provision of the Ohio Constitution "applies only to existing, vested rights." *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St. 3d 193, 202. State law "determines what injuries are recognized and what remedies are available." *Id.* Plaintiff can invoke the open court provision, then, only if he has an existing, vested right to a remedy under state law.

Although the state is as liable as its citizens for its wrongdoing:

"*** [T]he liability and the remedy are not one and the same, inasmuch as the state is not subject to suit without its own consent." *Scot Lad Foods v. Secy. of State* (1981), 66 Ohio St. 2d 1, 6.

Under the Ohio Constitution, suits may be brought against the state only as provided by law. Section 16, Article I, Ohio Constitution. Plaintiff had no right to a remedy from the State before the state waived its immunity. See *Krause, supra.* After the 1975 waiver of immunity, plaintiff had an existing, vested right to a remedy only to the extent of the state's waiver. See, *e.g., Dalehite v. United States* (1953), 346 U.S. 15, 51 (construing Federal Tort Claims Act, Section 1346, Title 28, U.S. Code, 2671-2678, 2680, and noting that plaintiffs who obtain the right to sue from the legislature take that right subject to restrictions imposed by the legislature).

As noted, the state waived its immunity as to causes of action that accrued prior to January 1, 1975, only as provided in Section 3 of Am. Sub. H.8. 800. But for this limited waiver, plaintiff had no right to bring such a cause of action against the state. Therefore, the limitations placed on the waiver did not extinguish an existing, vested right.

Plaintiff asserts that *Mominee v. Scherbarth* (1986), 28 Ohio St. 3d 270, which considered the constitutionality of the Medical Malpractice Act, R.C. 2305.11, as applied to minors, requires tolling of a minor's claim brought under R.C. Chapter 2743. The Medical Malpractice Act required that medical malpractice actions be brought within four years of the accrual of the cause of action, with no provision for tolling of the limitations period during periods of disability. *Id.* at 273. The statute thus barred a minor from bringing a medical malpractice action after he reached the age of majority if the cause of action accrued more than four years before the filing of the suit.

The *Mominee* court held that the absolute four-year limitations period of R.C. 2305.11 was unconstitutional as applied to minors. *Id.* at 277. The statute violated the open court provision of the Ohio constitution because it unreasonably deprived minors of access to the courts. *Id.* at 275. However, *Mominee* is distinguishable from the instant case.

In *Mominee*, the minor's right to a remedy did not depend on compliance with authorization legislation. The right to bring a malpractice action had vested without regard to R.C. 2305.11. Extinguishment of this vested right violated the Ohio Constitution's open court provision. In contrast, plaintiff had no right to bring an action against the state before the Court of Claims Act was adopted. The Act granted the right to bring an action against the state to some, but not all, persons whose cause of action against the state accrued prior to January 1, 1975. Thus, the act did not extinguish any vested right of a person who was not granted this right; it simply conferred a new right on a limited universe of plaintiffs--those who met the requirements of Am. Sub. H.B. 800, Section 3. See *Courtney, supra. Mominee* does not require tolling of a minor's claim, brought under R.C. Chapter 2743, that accrued before 1975.

Accordingly, we overrule plaintiff's first assignment of error.

Plaintiff's second assignment of error challenges the trial court's conclusion that ODH owed him no private duty. The version of R.C. 3701.501 in effect at the time of plaintiff's birth provides:

"(A) The person required to file a certificate of birth under section 3704.14 of the Revised Code shall cause such newborn child to be tested to determine the presence of phenylketonuria in accordance with the regulations adopted by the public health council pursuant to Chapter 119. of the Revised Code. ***"

The person required to file a birth certificate under R.C. 3704.14 is the attending health professional, or another person involved with the birth if there is no attending health professional. Thus, the statute imposed a duty on the health professional attending at his birth to cause plaintiff to be tested for PKU. The statute imposed no such duty upon defendant.

The regulations adopted by the public health council regarding PKU testing did impose a duty upon the state. The version of Ohio Adm. Code 3701-45-01 in effect at the time of plaintiff's birth provides:

"(A) The Ohio department of health laboratory shall provide, without charge, screening and quantitative tests for phenylketonuria, and specimen collection outfits for tests to be performed in the department's laboratory. The result of each test performed by the said laboratory shall be transmitted in writing to the person who submitted the specimen or to the hospital. ***

"(B) If any laboratory other than the department's laboratory desires to perform tests for phenylketonuria, as required by section 3701.501 of the Revised Code and this rule, such laboratory must first apply to and receive approval from the director of health and shall [perform the test in accordance with specified requirements.]"

The regulation, then, requires the state to make testing available to those who request it. However, the regulation does not provide that only the state could perform the PKU tests required by R.C. 3701.501; it expressly permits qualified private laboratories to perform these tests. Thus, ODH and private laboratories were authorized to perform identical functions in fulfilling the mandate of R.C. 3701.501.

The public duty doctrine provides that a state cannot be held liable to an individual for breach of a duty owed to the general public:

"When a duty which the law imposes upon a public official is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, is generally a public and not an individual injury." *Sawicki v. Ottawa Hills* (1988), 37 Ohio St. 3d 222, paragraph two of the syllabus.

The public duty doctrine implicitly presupposes that the state's duty to the public is a duty that is not shared by private parties. The cases finding that the state or other governmental unit owed a duty only to the public involve uniquely governmental functions. *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St. 3d 96 (firefighting); *Sawicki, supra* (police protection); *Cain v. State* (1984), 14 Ohio App. 3d 105 (driver licensing); *Devoe v. State* (1975), 48 Ohio App. 2d 311 (securities registration), or exclusive duties conferred by statute, *Delman v. Cleveland Heights* (1989), 41 Ohio St. 3d 1 (property inspections); *Shelton v. Indus. Comm.* (1976), 51 Ohio App. 2d 125 (workplace inspections).

Neither of the factors present in these public duty cases apply to ODH's performance of PKU testing. ODH is not performing a uniquely governmental function because private parties are authorized by regulation to perform the same function. Neither is ODH under an exclusive duty to perform these tests. ODH's obligation to provide PKU tests pursuant to Ohio Adm. Code 3701-45-01 does not alter the nature of its duty when it performs these tests.

We conclude that the public duty doctrine does not apply under these circumstances, and in particular when the state and private parties share the same duty. A state and a private party owe the same duty to a third party when they perform identical functions. *Leverett v. State* (1978), 61 Ohio App. 2d 35, 40 (public and private mental hospitals owe same duty to patient). ODH performs the same function as private laboratories when it tests samples for PKU. Thus, the public duty rule does not shield ODH from liability for negligence in PKU testing under Ohio Adm. Code 3701-45-01.

Although we have determined that the public duty rule does not apply in this case and find error in the trial court's ruling to the contrary, we nevertheless find that the error was harmless. Civ. R. 61; see, *e.g., Smith v. Flesher* (1967), 12 Ohio St. 2d 107, paragraph one of the syllabus; *McQueen v. Goldey* (1984), 20 Ohio App. 3d 41, 44. Even if the public duty rule does not apply, the Court of Claims lacks subject-matter jurisdiction over plaintiff's cause of action. Accordingly, we overrule plaintiff's second assignment of error.

Plaintiff's third assignment of error asserts that the trial court erred in failing to render a decision on the merits. Because we find that the Court of Claims lacks subject-matter jurisdiction over plaintiff's cause of action, we overrule plaintiff's third assignment of error.

Having overruled all three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and BOWMAN, J.J., concur.